Clarence E. CASTLEBERRY, Appellant,

v.

GOOLSBY BUILDING CORPORATION, Appellee.

No. 1585.

Court of Civil Appeals of Texas, Corpus Christi.

Oct. 28, 1980.

Rehearing Denied Nov. 20, 1980.

J. Parker McCollough, Law Offices of W. H. Conner, Georgetown, Phil Brown, Amarillo, for appellant.

Cecil D. Redford, Kleberg, Dyer, Redford & Weil, Corpus Christi, for appellee.

## OPINION

YOUNG, Justice.

In this appeal from the trial court's granting of defendant's motion for summary judgment, Clarence E. Castleberry is plaintiff–appellant and Goolsby Building Corporation is defendant–appellee. Plaintiff brought suit as Administrator of the Estate of Richard Ernest Castleberry, Deceased, and individually as surviving natural parent of the deceased. Plaintiff sought recovery of actual and exemplary damages against defendant for the wrongful death of his son. Defendant answered by way of a general denial and subsequently filed a motion for summary judgment. Defendant's motion for summary judgment was granted by the trial court. We affirm.

Appellant contends on appeal that the motion for summary judgment was improperly granted because: (1) under Tex.Rev. Civ.Stat.Ann. art. 4671 et seq., there existed genuine issues of fact regarding the applicability of the Worker's Compensation Act; and (2) under Tex.Rev.Civ.Stat.Ann. art. 5525, there existed genuine issues of fact concerning the liability of appellee outside the Texas Worker's Compensation Act.

In reviewing a summary judgment, we must examine each theory of recovery to which summary judgment was granted and determine whether the movant has conclusively shown the absence of facts which the non–movant would have to prove to establish that ground. The judgment should be affirmed if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues as set forth. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979); *Billstrom v. Memorial Medical Center*, 598 S.W.2d 642 (Tex. Civ.App.–Corpus Christi 1980, no writ); Rule 166–A, T.R.C.P.

A review of the pertinent pleadings of the case shows the following. Plaintiff's petition alleges that certain acts and/or failure to act by defendant constituted gross, willful and wanton negligence, individually and collectively, which negligence was a proximate cause of the injuries and eventual death of decedent. Plaintiff prayed that he and his wife, as beneficiaries under article 4671 et seq., recover the amount of pecuniary loss resulting from defendant's acts and that plaintiff, pursuant to article 5525, recover actual and exemplary damages for injuries proximately caused by defendant's grossly negligent acts.

Defendant's motion for summary judgment, supported by an affidavit from the president of the defendant company, presented the following facts as grounds for granting the summary judgment: (1) at the time of the death of Richard Ernest Castleberry, he was an employee of Goolsby Building Corporation; (2) his death was sustained in the course of his employment for such company; and (3) at the time of Richard Ernest Castleberry's death, Goolsby Building Corporation had in effect a worker's compensation policy.

Appellant contends in his first point of error that the trial court erred in granting a summary judgment since there existed genuine issues of fact regarding the appli-

cability of the Worker's Compensation Act. He argues that appellee had the burden of proving, in his motion for summary judgment, that article 4671 et seq. was not applicable. Before addressing the necessary burdens of proof in summary judgment proceedings, we will examine the statutes attempted to be invoked.

Under Tex.Rev.Civ.Stat.Ann. art. 8306 § 3, an employee who is covered by a worker's compensation policy shall have no right of action against his employer for damages for personal injuries and must instead look solely to the association for compensation. An employee covered by a worker's compensation policy is deemed to have waived his right of action at common law or under any statute of this state to recover damages for injuries sustained in the course of his employment, unless such employee gives his employer notice in writing at the time of his contract for hire that he is not waiving his common law or statutory rights. Tex. Rev.Civ.Stat.Ann. art. 8306 § 3a.

Article 4671, et seq. allows recovery of both actual and exemplary damages when an injury causing the death of any person is caused by the wrongful act of another person or corporation. The wrongful act must be of such a character as would, if death had not ensued, have entitled the party injured to maintain an action for such injury. An action under article 4671, et seq. may be brought by the surviving husband, wife, children, parents or the estate of the deceased.

As previously pointed out, under article 8306 § 3a, an employee is deemed to have waived his common law or statutory rights, unless he gives written notice to his employer that he wishes to retain such rights of action. In a summary judgment proceeding, a non–movant must expressly present to the trial court any reasons seeking to avoid the movant's entitlement to summary judgment. *City of Houston v. Clear Creek Basin Authority*, supra; *Nichols v. Smith*, 507 S.W.2d 518 (Tex.1974). Therefore, to avoid the granting of a summary judgment against him, the appellant had the burden of raising a fact issue con-

cerning waiver. *"Moore" Burger, Inc. v. Phillips Petroleum Company*, 492 S.W.2d 934 (Tex.1972); *Nichols v. Smith*, supra.

Furthermore, a trial court's order granting summary judgment cannot be attacked on appeal on a question not presented to the trial court, either as a specific ground stated in the motion or as a fact issue presented by the opposing party in a written answer or response. The non–movant may challenge the grounds asserted by the movant, but he may not assert the existence of issues not presented by either party to the trial court. *Fantastic Homes, Inc. v. Combs*, 596 S.W.2d 502 (Tex.1979); *City of Houston v. Clear Creek Basin Authority*, supra. In this appeal is the first time appellant has asserted the question of whether the deceased may have waived his worker's compensation rights in favor of his common law right of action. Appellant's first point of error is overruled.

Appellant contends, in his second point of error, that the exclusiveness of the remedy provided for in Article 8306 § 3 is not a bar to an action under Article 5525 because the deceased was injured through the willful and wanton conduct of the defendant. Article 5525 allows, among other things, a cause of action to be brought by the representative of the estate of the deceased for injuries resulting in the employee's death. The Article further provides that such suit may be instituted and prosecuted as if such person, for whom the cause of action accrued, were alive. In the present case if Richard Ernest Castleberry were alive, he would not be able to bring suit under Article 5525, but instead would be required to bring suit under the worker's compensation statutes. In order to bring suit for exemplary damages under the worker's compensation statute for the wrongful death of an employee, the plaintiff must be the surviving husband, wife, or heirs of his or her body. It is well settled that parents are not heirs of the body. *Winnt v. International & G.N.R. Company*, 74 Tex. 32, 11 S.W. 907 (Tex.Sup.1889); *Fleming Oil Co. v. Watts*, 193 S.W.2d 979 (Tex.Civ.App.–Texarkana 1946, writ ref'd

**766**

n.r.e.); *Scoggins v. Southwestern Electric Service Company,* 434 S.W.2d 376 (Tex.Civ. App.–Tyler 1968, writ ref'd n.r.e.). Appellant, being one of the parents of the deceased, may not bring suit under Tex.Rev. Civ.Stat.Ann. art. 8306 § 5. Appellant's second point is overruled.

The judgment of the trial court is affirmed.