Clarence E. CASTLEBERRY, Petitioner,

v.

GOOLSBY BUILDING CORPORATION,
Respondent.

No. B–9999.

Supreme Court of Texas.

April 29, 1981.

Rehearing Denied July 15, 1981.

Connor & McCollough, J. Parker McCollough, Georgetown, Judge & Brown, Phil Brown, Amarillo, for petitioner.

Dyer & Redford, David J. Dunn and Cecil D. Redford, Corpus Christi, for respondent.

CAMPBELL, Justice.

This is a suit for actual and exemplary damages under Article 5525,[1] the Texas Survival Statute. The trial court rendered summary judgment that Plaintiff Clarence E. Castleberry take nothing as to Defendant Goolsby Building Corporation. The Court of Civil Appeals affirmed the judgment of the trial court. 608 S.W.2d 763. We affirm the judgment of the Court of Civil Appeals.

Richard Ernest Castleberry was employed by Goolsby Building Corporation. On June 5, 1978, he was killed in an industrial accident while in the course of his employment. Clarence E. Castleberry, Individually as sur-

---

1. All statutory references are to Texas Revised Civil Statutes Annotated.

viving natural parent and as Administrator of the Estate of Richard Ernest Castleberry, Deceased, (Administrator) sued the City of Corpus Christi and Goolsby Building Corporation.[2]

The Administrator alleged Richard's death was caused by certain "acts and/or omissions to act, which . . . constitute gross, wanton, and willful negligence," "grossly negligent acts," "negligent, or grossly negligent, acts and omissions" and "ordinary or gross negligence." Goolsby Building Corporation alleged in its motion for summary judgment that the Administrator failed to state a cause of action. The trial court rendered summary judgment that the Administrator take nothing against Goolsby Building Corporation.

■ The Administrator argues the Workers' Compensation Act does not bar a deceased's cause of action for intentional injuries which survive to the estate under Article 5525, the Texas Survival Statute. We agree.

■ Article 5525 provides for the survival of a common law action for damages which could have been instituted by the deceased for injuries resulting in death. The action may be asserted by the heirs or administrator in behalf of the estate. Article 5525; *Mitchell v. Akers*, 401 S.W.2d 907 (Tex.Civ.App.—Dallas 1966, writ ref'd n. r. e.).

■ The Workers' Compensation Act exempts employers from common law liability based on negligence or gross negligence, except in death cases for exemplary damages as provided for in Article 8306, § 5. *Paradissis v. Royal Indemnity Co.*, 507 S.W.2d 526 (Tex.1974). The Act does not exempt employers from common law liability for intentional injuries. *Reed Tool Co. v. Copelin*, 610 S.W.2d 736 (Tex.1980); *Middleton v. Texas Power & Light Co.*, 108 Tex. 96, 185 S.W. 556 (1916). This cause of action is guaranteed to the employee by the Texas Constitution and cannot be taken away by the Legislature. Tex.Const. art. I, § 13; *Reed Tool Co. v. Copelin, supra.* We hold the Workers' Compensation Act does not bar a deceased's cause of action for intentional injuries which survive to the estate under Article 5525.

The Administrator further argues the pleadings are sufficient to allege an "intentional injury" to Richard Castleberry by Goolsby Building Corporation.

■ Under Rules 45 and 47, pleadings are sufficient if they give the opposing attorney fair notice of the claim involved. Tex.R.Civ.P. 45 and 47; *Stone v. Lawyers Title Ins. Corp.*, 554 S.W.2d 183 (Tex.1977). The object and purpose of pleading is to give fair and adequate notice to the party being sued of the nature of the cause of action asserted against him so he may adequately prepare his defense. *McCamey v. Kinnear*, 484 S.W.2d 150 (Tex.Civ.App.—Beaumont 1972, writ ref'd n. r. e.). The Administrator's allegations are insufficient to give the opposing attorney fair notice that this cause of action was for an "intentional injury."

■ The Administrator contends an allegation of willful negligence or willful gross negligence is sufficient to allege an "intentional injury." An allegation of willful negligence or willful gross negligence is an allegation based upon negligence and is insufficient to allege an "intentional injury." An injury caused by willful negligence or willful gross negligence is not an intentional injury necessary to avoid the effect of the Workers' Compensation Act.

The judgments of the courts below are affirmed.

---

**2.** The cause of action against Goolsby Building Corporation was severed from the cause of action against the City of Corpus Christi and a final judgment was rendered in favor of Goolsby Building Corporation. The City of Corpus Christi is not a party to this appeal.