Virginia BRIDGES, J.R. Manning, Kerry
Dane Manning, and Sally Bridges
Pierce, Plaintiffs-Appellants,

v.

PHILLIPS PETROLEUM COMPANY,
Defendant-Appellee.

No. 83–1283.

United States Court of Appeals,
Fifth Circuit.

June 11, 1984.

Betty Newby, Borger, Tex., for plaintiffs-appellants.

Gibson, Ochsner & Adkins, Thomas C. Riney, Amarillo, Tex., for defendant-appellee.

Before RUBIN, JOHNSON, and DAVIS, Circuit Judges.

PER CURIAM:

Plaintiffs, parents of the decedent,[1] brought this action alleging gross negligence and seeking exemplary damages for the death of their son, Kim Manning, who died as a result of injuries arising out of the course of his employment with defendant Phillips Petroleum. Because both defendant and decedent were covered by the Texas Workers' Compensation Act, plaintiffs were precluded from bringing a wrongful death action for actual damages against defendant and its workers' compensation carrier. *See* Tex.Rev.Civ.Stat.Ann. art. 8306, § 3 (Vernon Supp.1984); *Paradissis v. Royal Indemnity Co.*, 507 S.W.2d 526, 529 (Tex.1974). The district court granted defendant's motion for judgment on the pleadings and dismissed the case for failure to state a claim upon which relief can be granted. The court based dismissal on Tex.Rev.Civ.Stat.Ann. art. 8306, § 5 which saves a cause of action for exemplary damages in favor of certain classes of persons, *viz.*, surviving spouses and children, who are specified in art. XVI, § 26 of the Texas Constitution. On appeal, plaintiffs, who as decedent's parents and siblings are excluded from this class, argue that art. 8306, § 5 and the Texas constitutional provision upon which it relies, violate the constitutional guarantee of equal protection of the laws. This Court rejects plaintiffs' equal protection challenge and affirms.

■ Like other workers' compensation statutes, the Texas Workers' Compensation Act contains an "exclusive remedy" provision. It provides that an employee, the parents of a minor employee, and the representative or beneficiary of a deceased employee shall have no right of action against the employer for damages for personal injuries or for injuries resulting in death. Tex.Rev.Civ.Stat.Ann. art. 8306, § 3. The theory behind the exclusive remedy provision is that the employee relinquishes his common law tort remedy for more limited benefits which are paid quickly, efficiently, and without proof of fault.[2] When the Texas Workers' Compensation Act was drafted, the legislature was faced with Tex. Const. art. XVI, § 26 which expressly provides for the recovery of exemplary damages by certain classes of survivors:

> Every person, corporation, or company, that may commit a homicide, through wilful act, or omission, or gross neglect, shall be responsible, in exemplary damages, to the surviving husband, widow, heirs of his or her body, or such of them as there may be, without regard to any criminal proceeding that may or may not be had in relation to the homicide.

In order to ensure that the exclusiveness rule of the statute did not bar the recovery of the exemplary damages which were mandated by the Texas Constitution, the legislature in section 5 of the statute expressly exempted exemplary damages from the purview of the Act.[3] *Fort Worth Ele-*

---

1. Plaintiffs amended their complaint to add a brother and half sister of the decedent as additional parties-plaintiff.

2. Both state and federal equal protection and due process challenges to such exclusive remedy provisions have consistently failed. 2A A. Larson, The Law of Workmen's Compensation (MB) § 65.20 (1983).

3. Suits for punitive damages do not normally escape the exclusiveness bar; where compensatory damages would be barred, punitive damages are also generally barred. *Id.* § 65.37.

   The courts have uniformly dismissed plaintiffs' independent punitive damages actions on

the basis of the exclusive remedy provisions. Love, Punishment and Deterrence; A Comparative Study of Tort Liability for Punitive Damages Under No-Fault Compensation Legislation. 16 U.C.D.L.Rev. 231 (1983). Texas alone allows punitive damages as an independent cumulative remedy to workers' compensation benefits. *Id.* at 248. Three states—Oregon, Washington, and West Virginia—have legislation authorizing a cumulative cause of action for compensatory and punitive damages in which the plaintiff recovers any excess damages awarded over the workers' compensation benefits received. *Id.* at 252. California has a similar judicially created cause of action. *Id.* at 257. Seven states have

*vators Co. v. Russell*, 123 Tex. 128, 70 S.W.2d 397 (1934). Section 5 provides in pertinent part:

> Nothing in this law shall be taken or held to prohibit the recovery of exemplary damages by the surviving husband, wife, heirs of his or her body, or such of them as there may be of any deceased employe whose death is occasioned by homicide from the wilful act or omission or gross negligence of any person, firm or corporation from the employer of such employe at the time of the injury causing the death of the latter.

This section does not create a cause of action for exemplary damages; section 5 merely saves an existing cause of action in order to comply with art. XVI, § 26 of the Texas Constitution.[4] *Duhart v. State*, 610 S.W.2d 740, 743 (Tex.1980).

**Equal Protection**

■ Although the decedent's parents and dependent siblings are among the "legal beneficiaries" to whom workers' compensation death benefits are payable,[5] parents and siblings are not among the specified classes in the Texas Constitution who may recover exemplary damages in the case of "a homicide, through wilful act, or omission, or gross neglect." In order to bring an action for exemplary damages for a wrongful death, the plaintiff must be the "surviving husband, widow" or "heir[s] of

his or her body." Tex. Const. art. XVI, § 26. Texas law is well settled that parents and siblings are not heirs of the body. *Castleberry v. Goolsby Building Corp.*, 608 S.W.2d 763, 765 (Tex.Civ.App.—Corpus Christi 1980), aff'd 617 S.W.2d 665 (Tex. 1981). Article XVI, § 26 of the Texas Constitution thus divides survivors into two classes: (1) spouses and children and (2) parents, siblings, and all other legal beneficiaries. *See ante* note 5.

■ The classification at issue does not involve a suspect class. Nor does the classification interfere with the exercise of fundamental rights.[6] Strict judicial scrutiny is therefore inappropriate. *See San Antonio Independent School District v. Rodriguez*, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973). Furthermore, the classification is not based on any immutable human attributes, such as gender or illegitimacy, which might call for an intermediate standard of review. The classification is therefore valid if it is rationally related to a legitimate state purpose. *See, e.g., Parham v. Hughes*, 441 U.S. 347, 99 S.Ct. 1742, 60 L.Ed.2d 269 (1979). In *McGowan v. Maryland*, 366 U.S. 420, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393 (1961), the Supreme Court explained the rational basis standard:

> The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of

statutes creating an alternative cause of action for compensatory and punitive damages whereby plaintiff relinquishes his right to workers' compensation benefits. In three of these states —Kentucky, Maryland, and Arizona—the statutes give the employee an explicit option. In the other four—Idaho, South Dakota, New Jersey, and Louisiana—the statutes provide exceptions to the exclusive remedy clause for certain types of conduct or acts. *Id.* at 263.

**4.** This constitutional provision was modeled after Lord Campbell's Act, Fatal Accidents Act of 1846, 9 and 10 Vict., c. 93 (1846), which reversed the common law rule that an action for personal injuries died with the death of the injured party. State wrongful death statutes also abrogate the common law rule; like most states, Texas patterned its wrongful death statutes after Lord Campbell's Act. *Sanchez v. Schindler*, 651 S.W.2d 249 (Tex.1983).

**5.** Tex.Rev.Civ.Stat.Ann. art. 8309 defines the "legal beneficiaries" to whom death benefits are

payable as the relatives named in art. 8306, § 8a. They are as follows: the surviving husband and wife; the minor children, parents and stepmother without regard to the question of dependency; dependent grandparents, dependent children and dependent brothers and sisters. The benefits are distributed among the beneficiaries according to the laws of descent and distribution of the State.

**6.** In an effort to argue that the classification interferes with the fundamental right of privacy, plaintiffs attempt to define the class allegedly discriminated against as including all childless single persons. Plaintiffs, as parents and siblings of the decedent, certainly do not belong to this alleged class and this characterization of the class involved must be rejected. The classes at issue are surviving parents and siblings versus surviving spouses and children.

the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any set of facts may be conceived to justify it. Since in the instant case the Texas legislature was complying with the constitutional mandate which guarantees exemplary damages to the particular class of survivors, it is appropriate to inquire whether any set of facts could reasonably be conceived to justify the classification of survivors voted for and enacted by the people of Texas. The purpose of exemplary or punitive damages is not to compensate those who have felt the loss but rather to deter the wrongdoer and others from the commission of similar wrongs. *Maxey v. Freightliner Corp.*, 665 F.2d 1367, 1378 (5th Cir.1982) (en banc); *J.S. Abercrombie Co. v. Scott*, 267 S.W.2d 206, 212 (Tex.Civ.App.—Galveston 1954, writ ref'd n.r.e.). It is conceivable that the people of Texas thought that if exemplary damages are to be assessed against a culpable defendant, the benefits therefrom should accrue to the surviving spouses and children, as those most economically dependent on the decedent. In the workers' compensation context, it is possible that the Texas legislature could have decided that allowing all legal beneficiaries to sue employers for punitive damages would defeat the purpose of the Act by unreasonably increasing the cost of workers' compensation. It is also possible that the legislature could have determined that permitting all legal beneficiaries to bring actions for punitive damages would unduly burden the state's judicial system. In any event, it cannot therefore be said that the statutory/constitutional classification at issue rests on grounds wholly irrelevant to the achievement of a legitimate state objective.[7]

The judgment of the district court is AFFIRMED.

---

7. In any suit in federal court which involves the constitutionality of a state statute affecting the public interest and in which the state is not a party, 28 U.S.C. § 2403(b) requires the court to certify the constitutional question to the state attorney general. In the instant case, the district court failed to certify the question to the Attorney General of Texas. Certification is permissible at any stage of the proceeding. *Wallach v. Lieberman*, 366 F.2d 254, 258 n. 9 (2d Cir.1966). This court will proceed here as we did in *Thatcher v. Tennessee Gas Transmission Co.*, 180 F.2d 644, 648 n. 7 (5th Cir.), *cert. denied*, 340 U.S. 829, 71 S.Ct. 66, 95 L.Ed. 609 (1950). We hereby certify the constitutional question to the Texas Attorney General and afford him sixty days to apply for a rehearing if he should determine that the public interest has not been fully protected by the judgment to be entered.