James E. GLISSON, Individually and as Administrator of the Estate of David Anthony Glisson, Deceased, and Dorothy Glisson, Appellants,

v.

GENERAL CINEMA CORPORATION OF TEXAS, Appellee.

No. 05–85–00993–CV.

Court of Appeals of Texas, Dallas.

May 21, 1986.

Rehearing Denied June 25, 1986.

Charles J. Quaid, Dallas, for appellants.

Gordon H. Rowe, Jr., Dallas, for appellee.

Before GUILLOT, STEWART and HOLLINGSWORTH, JJ.

STEWART, Justice.

James E. Glisson and Dorothy Glisson appeal from a summary judgment in favor of General Cinema Corporation of Texas, which denied them any recovery against General Cinema under their suit to recover exemplary damages for the death of their son, David Anthony Glisson. The Glissons raise two points of error: (1) that, contrary to the trial court's ruling, parents are among the beneficiaries authorized to recover exemplary damages under both article 8306, section 5 of the Texas Workmen's Compensation Law,[1] TEX.REV.STAT. ANN. (Vernon 1967), and article 16, section 26 of the Texas Constitution; and (2) that the trial court's construction of article 8306, section 5 of the Act and of article 16, section 26 of the Texas Constitution denies the Glissons equal protection of the law, as guaranteed by the fourteenth amendment of the United States Constitution. We do not agree with either of these contentions; consequently, we affirm the judgment of the trial court.

David Anthony Glisson was fatally injured in an accident while in the employ of General Cinema. David Glisson was nine-

1. The Texas Workmen's Compensation Law has been retitled the Workers' Compensation and Crime Victims Compensation Laws. All references to either will be to the "Act".

teen at the time of his death and left his parents, the Glissons, as his sole surviving heirs-at-law. The Glissons have received death benefits payable to them as decedent's "legal beneficiaries" under article 8306, section 8 of the Act. TEX.REV.CIV. STAT.ANN. art. 8306, § 8 (Vernon Supp. 1986). This suit was brought by the Glissons seeking, in addition, exemplary damages under article 8306, section 5 for the alleged "conscious indifference and gross negligence" of General Cinema, which is alleged to have caused their son's death.

Summary judgment was granted to General Cinema based upon the trial court's interpretation of article 8306, section 5 as not including parents among the list of beneficiaries who may recover exemplary damages thereunder. This interpretation is directly supported by *Castleberry v. Goolsby Building Corporation*, 608 S.W.2d 763, 765–66 (Tex.Civ.App.—Corpus Christi 1980), *aff'd*, 617 S.W.2d 665 (Tex. 1981). Article 8306, section 5 provides in pertinent part:

> Nothing in this law shall be taken or held to prohibit the recovery of exemplary damages *by the surviving husband, wife, heirs of his or her body, or such of them as there may be* of any deceased employe.... [Emphasis added].

This language is virtually identical to the language of article 16, section 26 of the Texas Constitution, which provides:

> Every person, corporation, or company, that may commit a homicide, through wilful act, or omission, or gross neglect, shall be responsible, in exemplary damages, *to the surviving husband, widow, heirs of his or her body, or such of them as there may be,* without regard to any criminal proceeding that may or may not be had in relation to the homicide. [Emphasis added].

The pertinent language in article 16, section 26 of the Texas Constitution has been consistently interpreted by Texas courts, beginning in approximately 1881, as not including parents of the decedent. *Hofer v. Lavender*, 679 S.W.2d 470, 475 (Tex. 1984); *Winnt v. International & G.N.Ry.*

*Co.*, 74 Tex. 32, 11 S.W. 907, 908 (1889); *Houston & Texas Central Railway Co. v. Baker*, 57 Tex. 419, 421 (1882); *Houston & Texas Central Railway Co. v. Cowser*, 57 Tex. 293, 305 (1881). Article 8306, section 5 of the Act contains virtually identical language to that which has, therefore, been interpreted by the Texas Supreme Court for well over one hundred years as not including parents within the class of beneficiaries.

█ The purpose of section 5 of article 8306 was not to create a new cause of action, but merely to recognize the fact that the Act could not preclude recovery specifically provided for by the Texas Constitution under article 16, section 26. *Duhart v. State*, 610 S.W.2d 740, 743 (Tex. 1980); *Fort Worth Elevators Co. v. Russell*, 123 Tex. 128, 70 S.W.2d 397, 408 (1934). Consequently, we conclude that the legislature intended the class designated in article 8306, section 5 to be coextensive with that established by article 16, section 26 of the Texas Constitution. Furthermore, the plain meaning of the words in the statute does not include parents within the class of beneficiaries. Parents are not "heirs of the body" of their children, and are clearly not within the other category, that of spouses.

Nevertheless, the Glissons contend that parents are within the class because of the words "or such of them as there may be." The Glissons urge us to ignore all prior case law to the contrary, because those cases failed to consider the meaning of these words. We cannot agree. "Them" is a pronoun, which must refer back to some noun previously used. In this case, the only nouns to which "them" could refer are "husband," "wife," and "heirs." The noun "heirs" cannot be read out of context, however, for it is modified by the words "of his or her body," which phrase has a specific legal meaning in Texas and includes only the children "begotten by the person." *Houston & Texas v. Baker*, 57 Tex. at 425. Thus, the phrase relied upon by the Glissons cannot be construed to expand the categories already listed, but

instead simply means that all or any of the surviving members of the class listed may recover under this provision. Parents are thus not within the class of beneficiaries under either article 16, section 26 of the Texas Constitution or article 8306, section 5 of the Act.

■ The Glissons' remaining argument is that to construe article 8306, section 5 of the Act and article 16, section 26 of the Texas Constitution to exclude parents from the class of beneficiaries, as we have done, denies them equal protection of the laws, as guaranteed by the fourteenth amendment to the United States Constitution. This precise issue has been decided adversely to the Glissons in *Bridges v. Phillips Petroleum Co.*, 733 F.2d 1153 (5th Cir.1984), *cert. denied*, 469 U.S. 1163, 105 S.Ct. 921, 83 L.Ed.2d 933 (1985). Neither a suspect class nor a fundamental right is involved here, and therefore strict judicial scrutiny is not appropriate. *See San Antonio Independent School District v. Rodriguez*, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973). Thus, the classification is valid if it is rationally related to a legitimate state purpose. *See, e.g., Parham v. Hughes*, 441 U.S. 347, 351–52, 99 S.Ct. 1742, 1745–46, 60 L.Ed.2d 269 (1979). The "rational basis" test is set forth by the Supreme Court as follows:

> [T]he Fourteenth Amendment permits the states a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.

*McGowan v. State of Maryland*, 366 U.S. 420, 425–26, 81 S.Ct. 1101, 1104–05, 6 L.Ed.2d 393 (1961).

In *Bridges*, the Fifth Circuit listed a number of possible rationalizations for the classification of beneficiaries both as adopted by voters of Texas in the Constitution and by Texas legislators in enacting article 8306, section 5. It is possible that spouses and surviving children were thought to be more deserving of a recovery of exemplary damages because they are more likely to have been economically dependent on the decedent. It is possible, under the Act, that the legislature sought to limit the class able to sue for exemplary damages to prevent unreasonable increases in the cost of workers' compensation, which would defeat its purposes. The legislature could also have limited this class to prevent overburdening the judicial system.

We recognize that in the recent case of *Hofer*, the Texas Supreme Court said that "[i]t makes no sense to say that a tortfeasor may have exemplary damages assessed against him in favor of a decedent's estate if the beneficiaries of the estate are a spouse or children, but not if the beneficiaries are otherwise." *Hofer*, 679 S.W.2d at 476. But that language was not used in the context of a "rational basis" analysis under the fourteenth amendment of the United States Constitution, nor did it involve interpretation of the language here attacked. Rather, *Hofer* involved the interpretation of the Survival Statute, former article 5525.[2] That statute provided that all causes of action shall "survive to and in favor of the heirs and legal representatives and estate" of the injured party. The supreme court first overruled years of precedent and held that exemplary damages are recoverable under the Survival Statute. The court then went on to say that, interpreting the language quoted above, it would make no sense to exclude parents from being beneficiaries of a recovery of exemplary damages thereunder. Clearly,

2. TEX.REV.CIV.STAT.ANN. art. 5525 (Vernon 1958) has been repealed and recodified as TEX. CIV.PRAC. & REM.CODE § 71.021 (Vernon

Supp.1986) by Act of June 16, 1985, ch. 959, § 1, 1985 TEX. SESS. LAW SERV. 7043 (Vernon).

the language used in the Survival Statute in no way precluded parents from such a recovery, and to read such a provision into the statute would, indeed, have made no sense. However, the same is not true under article 8306, section 5 or under article 16, section 26 of the Texas Constitution. Here, the language plainly excludes parents, and we agree with the holding of the Fifth Circuit in *Bridges* that a rational basis exists for the classifications used.

Finally, the Glissons contend that the supreme court in *Hofer* held that recovery of exemplary damages under article 5525, the Survival Statute, is limited to the class of persons who could recover exemplary damages under article 16, section 26 of the Texas Constitution, and that, because the parents recovered in *Hofer*, that case must be interpreted to mean that parents are within the class under article 16, section 26. But the supreme court did not apply article 16, section 26 of the Constitution to the Survival Statute in *Hofer*. Instead, it specifically stated that the Hofers could not have recovered exemplary damages under the Wrongful Death Statute [3] because *that* statute cannot enlarge upon the class set forth in article 16, section 26 of the Texas Constitution, regardless of provisions of the statute. *Hofer*, 679 S.W.2d at 475–76. The court then clearly distinguished the claims of the Hofers in that case and allowed parents to recover exemplary damages under article 5525. In sum, the supreme court held that article 16, section 26 of the Texas Constitution is not applicable to the class that may recover exemplary damages under the Survival Statute. *Id.* at 476, distinguishing *Scoggins v. Southwestern Electric Service*, 434 S.W.2d 376 (Tex.Civ.App.—Tyler 1968, writ ref'd n.r. e.), and cases cited therein (article 16, section 26 limits class who may recover exemplary damages under the Wrongful Death Statute).

Because article 16, section 26 of the Texas Constitution does not limit the class who may recover exemplary damages under the Survival Statute, the decision in *Hofer* is irrelevant in our interpretation of that provision of the constitution. Indeed, the court in *Hofer* reiterated the rule that parents are not within the class of beneficiaries in article 16, section 26 of the Texas Constitution. Consequently, we follow the long-established interpretation of the language in that provision of the constitution as excluding parents from the class of beneficiaries.

In conclusion, we hold that article 8306, section 5 of the Act does not permit parents to recover exemplary damages. We further hold that the exclusion of parents is not violative of the equal protection clause of the fourteenth amendment to the United States Constitution. Consequently, the judgment of the trial court is affirmed.

Affirmed.

---

3. Former TEX.REV.CIV.STAT.ANN. art. 4671 (Vernon 1940) et seq. has been repealed and recodified as TEX.REV.CIV.PRAC. & REM. CODE §§ 71.001 –71.011 (Vernon Supp.1986) by Act of June 16, 1985, ch. 959, § 1, 1985 TEX. SESS.LAW SERV. 7043 (Vernon).