**Salomon CORTEZ and Ausencia Zamora Cortez, et al., Appellants,**

v.

**SOLOCO, INC. and John Frankson, et al., Appellees.**

**No. 13–86–341–CV.**

Court of Appeals of Texas, Corpus Christi.

Nov. 26, 1986.

Rehearing Denied Dec. 18, 1986.

H.E. Bower, White, Huseman, Pletcher & Powers, Corpus Christi, for appellants.

Danny Van Winkle, Vinson & Elkins, Houston, for appellees.

Before UTTER, SEERDEN and DORSEY, JJ.

## OPINION

UTTER, Justice.

This is an appeal from a summary judgment entered in favor of appellee, Soloco, Inc. Frankson was non-suited and is not a party to this appeal. We affirm the judgment of the trial court.

Appellants' sole point of error contends that the trial court erred in granting appellee's motion for summary judgment because the estate of Guadalupe Z. Cortez has a cause of action for gross negligence against appellee.

Guadalupe Z. Cortez was killed in an automobile collision while in the course and scope of his employment with appellee. Appellants are his parents, and the temporary administrator of his estate. The parents sought and received workers' compensation benefits from appellee's insurance carrier. Later, appellants filed suit alleging that their son's death was caused by appellee's grossly negligent conduct.

The question is, does the estate of an employee, who dies while in the course and scope of his employment with a subscriber under the Texas Workers' Compensation Act [1] (the Act), have a cause of action for exemplary damages against the employer?

Appellants have attempted to characterize this case as a survival action under

---

1. Tex.Rev.Civ.Stat.Ann. §§ 8306–8309i (Vernon 1967 & Supp.1986).

Tex.Civ.Prac. & Rems.Code Ann. § 71.021 (Vernon 1986), citing *Hofer v. Lavender*, 679 S.W.2d 470 (Tex.1984). However, *Hofer* did not involve a death occurring in the course and scope of employment with a subscriber under the Act. In *Hofer*, the Supreme Court held that parents may recover exemplary damages for the death of a child under the survival statute. *Id.* at 476.

■ The Worker's Compensation Act is the exclusive remedy for work-related injuries, with the exception of intentional injuries. *Reed Tool Co. v. Copelin*, 689 S.W.2d 404, 406 (Tex.1985); *see also Castleberry v. Goolsby Building Corp.*, 608 S.W.2d 763 (Tex.Civ.App.—Corpus Christi 1980), *aff'd*, 617 S.W.2d 665 (Tex.1981). Article 8306 § 3(a) of the Act provides that the representatives and beneficiaries of deceased employees have no cause of action against the subscribing employer, but must look solely to the employers' insurance association for compensation.

Article 8306 § 5 of the Act states that: Nothing in this law shall be taken or held to prohibit the recovery of exemplary damages by the surviving husband, wife, heirs of his or her body, or such of them as there may be of any deceased employe[e] whose death is occasioned by homicide from the wilful act or omission or gross negligence of any person, firm or corporation from the employer of such employe[e] at the time of the injury causing the death of the latter.

This language was taken from Tex. Const. art. 16, § 26, which provides:

Every person, corporation, or company, that may commit a homicide, through wilful act, or omission, or gross neglect, shall be responsible, in exemplary damages, to the surviving husband, widow, heirs of his or her body, or such of them as there may be, without regard to any criminal proceeding that may or may not be had in relation to the homicide.

Article 8306 § 5 was enacted, not to create a new cause of action, but merely to

recognize the fact that the Act could not preclude recovery specifically provided for by art. 16 § 26 of the Texas Constitution. *Castleberry v. Goolsby Building Corp.*, 617 S.W.2d at 666; *Glisson v. General Cinema Corp.*, 713 S.W.2d 694 (Tex.App.— Dallas 1986, writ pending).

■ The class of persons created by art. 16 § 26 is the same class designated in art. 8306 § 5. *See Glisson v. General Cinema Corp.*, 713 S.W.2d at 695. It is well-settled that the class does not include parents. *Hofer v. Lavender*, 679 S.W.2d at 475; *Glisson v. General Cinema Corporation*, 713 S.W.2d at 695; *Castleberry v. Goolsby Building Corp.*, 608 S.W.2d at 763. Since appellants are not included in the class of persons designated in art. 8306 § 5, they have no cause of action against appellee.

Appellants' main argument is that they have a cause of action granted by the survival statute, Tex.Civ.Prac. & Rems.Code Ann. § 71.021 (Vernon 1986). This contention overlooks two important considerations.

First, the Act is the *exclusive* remedy for work-related injuries, aside from intentional injuries. As such, any potential plaintiff is relegated to look to the Act for his or her recompense. The potential plaintiff would look to art. 8306 § 5 in order to determine if he or she is among those authorized to sue for exemplary damages.

Secondly, the "survival statute did not create a new cause of action, but kept alive the cause of action that the deceased might have had [had he survived]." *Hofer v. Lavender*, 679 S.W.2d at 476. Had appellants' son survived, he would not have had a cause of action against his employer, appellee, save for an intentional injury.[2] *Castleberry v. Goolsby Building Corp.*, 617 S.W.2d at 666.

Where a death occurs while in the course and scope of employment for a subscriber under the Act, the Act is the exclusive remedy for the deceased's survivors. Only those persons enumerated in art. 8306 § 5 may sue the employer seeking exemplary

**2.** Appellants do not contend that their son's   death was intentionally caused by appellee.

damages for gross negligence. Appellants are not among the class, and therefore have no claim against appellee. Appellants' sole point of error is overruled.

The judgment of the trial court is AFFIRMED.