**Ray Lloyd McKETHAN, et al., Appellants,**

v.

**Fred McKETHAN, III, et al., Appellees.**

No. 01–86–0534–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 26, 1987.

Rehearing Denied April 16, 1987.

Marvin L. Rader, Kivell & Rader, League City, for appellants.

David C. Duggins, Clark, Thomas, Winters & Newton, Austin, for appellees.

Before WARREN, HOYT and DUNN, JJ.

OPINION

DUNN, Justice.

This is an appeal of the entry of summary judgment against appellants, in a suit seeking recovery of damages from appellee McKethan Vacuum Service, Inc., their son's employer, and appellees Fred McKethan, III and Joseph Kearns, employ-

ees of McKethan Vacuum, for gross negligence that proximately caused the death of their son, Paul McKethan (decedent).

On or about January 31, 1985, the decedent was killed when a truck, upon which he was performing maintenance, was allegedly driven over him. The decedent left no spouse or children. On the date of the accident, McKethan Vacuum subscribed to the Workers' Compensation Act. Its compensation carrier paid death benefits to appellants under Tex.Rev.Civ.Stat.Ann. art. 8306, sec. 8 (Vernon Supp.1987).

Subsequently, appellants filed this suit seeking damages for loss of love, affection and society, mental pain and anguish, loss of past and future monetary contributions, support, gifts, and exemplary damages. The appellees filed original answers and a motion for summary judgment, asserting that Tex.Const. art. XVI, sec. 26 and Tex. Rev.Civ.Stat.Ann. art. 8306, sec. 5 precluded recovery of the exemplary damages sought by appellants as parents of the decedent. The court granted appellees' motion and entered a take-nothing judgment against appellants as to their entire suit.

Appellants contend, in one point of error, that the court erred in entering summary judgment against them on the grounds that art. XVI, sec. 26 and art. 8306, sec. 5 barred their cause of action for exemplary damages. We disagree.

Tex.Const. art. XVI, sec. 26, defines the class that may recover exemplary damages for a person's death caused by gross negligence:

> Every person, corporation, or company, that may commit a homicide, through wilful act, or omission, or gross neglect, shall be responsible, in exemplary damages, to the surviving husband, widow, heirs of his or her body, or such of them as there may be, without regard to any criminal proceeding that may or may not be had in relation to the homicide.

■ Courts have consistently interpreted "heirs of the body" to include only children "begotten by the person." *Houston & Texas Central Railway Co. v. Baker*, 57 Tex. 419, 425 (1882). A decedent's parents are not "begotten by him" and are not included in the class constitutionally permitted to recover exemplary damages for his death absent a survival action. *Hofer v. Lavender*, 679 S.W.2d 470 (Tex.1984); *Houston & Texas Central Railway Co. v. Cowser*, 57 Tex. 293, 305 (1881).

■ Art. 8306, sec. 5 contains language similar to that contained in art. XVI, sec. 26:

> Nothing in this law shall be taken or held to prohibit the recovery of exemplary damages by the surviving husband, wife, heirs of his or her body, or such of them as there may be of any deceased employe whose death is occasioned by homicide from the willful act or omission or gross negligence of any person, firm or corporation from the employer of such employe at the time of the injury causing the death of the latter....

The purpose of this provision is to avoid any unconstitutional limitation or expansion of the class defined in art. XVI, sec. 26. *Glisson v. General Cinema Corp.*, 713 S.W.2d 694 (Tex.App.—Dallas 1986, writ pending); *Cortez v. Soloco, Inc.*, 721 S.W.2d 519 (Tex.App.—Corpus Christi 1986, writ pending). We hold that appellants, as parents of the decedent, are not permitted by art. XVI, sec. 26 of the Texas Constitution to recover exemplary damages under art. 8306, sec. 5 from appellees, and that the court did not err in entering summary judgment against them. *Castleberry v. Goolsby Building Corp.*, 617 S.W.2d 665 (Tex.1981).

Appellants' sole point of error is overruled.

The judgment is affirmed.