Isabel Barrios **GALVAN** and Francisca Vallejo Galvan, Appellants,

v.

**PUBLIC UTILITIES BOARD** and City of Brownsville, Texas, Appellees.

No. 13–88–509–CV.

Court of Appeals of Texas, Corpus Christi.

Sept. 28, 1989.

**582**

Miguel D. Wise, Allison, Chavez & Sweetman, Brownsville, for appellants.

W. Michael Fisher, Rene O. Oliveira, Wiech & Black, Brownsville, for appellees.

Before NYE, C.J., and KENNEDY and BENAVIDES, JJ.

## OPINION

KENNEDY, Justice.

Appellants, the parents of Rey Vallejo Galvan, brought suit for negligence and gross negligence against the Public Utilities Board of Brownsville ("PUB") and the City of Brownsville ("City"), appellees, in connection with Rey Vallejo's apparent drowning while in the course and scope of his employment with the PUB. The Galvans appeal from the trial court's granting of the PUB's motion for summary judgment, and they assert four points of error. We affirm the judgment of the trial court.

■ The PUB based its motion for summary judgment upon the affidavit of the PUB's personnel manager, Elida Tamayo, showing that the PUB is an agency of the City, that Rey Vallejo died as a result of injuries sustained on the job, and that Rey Vallejo was the beneficiary of a worker's compensation insurance policy. The PUB's motion asserted that the PUB was not liable to appellants, under Tex. Rev.Civ.Stat.Ann. art. 8306 § 5 (Vernon 1967) (hereinafter "the Texas Worker's Compensation Act"), for the death of appellants' son. In response to the motion, appellants argued that the beneficiaries entitled to seek exemplary damages for gross negligence, under the Texas Worker's Compensation Act, should include parents.

When reviewing a summary judgment:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). With these standards in mind, we address appellants' arguments.

By their first point of error, appellants complain: (1) that Ms. Tamayo's affidavit was defective; (2) that there is no evidence that the City was Rey Vallejo's employer; (3) that by relying on the doctrine of *res ipsa loquitur* in their petition, they effectively pled a cause of action based on intentional tort; and (4) that the City's defense of employer immunity was not verified.

■ Appellants contend that Ms. Tamayo's affidavit was defective in two respects: (1) it did not represent the facts "to be true and within her personal knowledge," and (2) because affiant is an interested witness, her allegations must be substantiated, and they were not. Regarding appellants' first complaint, Tex.R.Civ.P. 166a(e) provides:

[A]ffidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.... Defects in the form of affidavits ... will not be grounds for reversal unless specifically pointed out

by objection by an opposing party with opportunity, but refusal, to amend.

Appellants did not raise any objections; they may not be raised for the first time on appeal. *Walkoviak v. Hilton Hotels Corp.*, 580 S.W.2d 623, 626–27 (Tex.Civ. App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.). Furthermore, in *J.T. Fulgham Co. v. Stewart Title Guaranty Co.*, 649 S.W.2d 128, 130 (Tex.App.—Dallas 1983, writ ref'd n.r.e.), the unchallenged averment that the affiant was the vice-president and agent of a business showed how he learned or knew of the facts contained within his affidavit and satisfied the "personal knowledge" requirement of Rule 166a(e). In her affidavit, Ms. Tamayo states that she is the personnel manager for the PUB. This unchallenged assertion is sufficient to show her personal knowledge of the facts contained within the affidavit and thus satisfies Rule 166a(e).

■ With respect to appellants' second complaint, a summary judgment may be based on the uncontroverted affidavit of an interested witness if the evidence is clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and could have been readily controverted. *Republic National Leasing Corp. v. Schindler*, 717 S.W.2d 606, 607 (Tex.1986); Tex.R.Civ.P. 166a(c). Moreover, in *Longoria v. Texaco, Inc.*, 649 S.W.2d 332, 335–36 (Tex.App.—Corpus Christi 1983, no writ), we held that the uncontroverted affidavit of an interested party (a supervisor stating whether his employee was in the course and scope of employment) will support a summary judgment in the absence of a controverting affidavit or in the absence of an attempt by the non-movant to avail himself of Tex.R.Civ.P. 166a(f), in which a continuance may be granted in order to secure affidavits or to take depositions controverting the facts stated by the interested witness. After carefully reviewing Ms. Tamayo's affidavit, we find that it comports with the requirements of Rule 166a(c). Furthermore, appellants neither filed a controverting affidavit nor sought a delay to procure such evidence. Ms. Tamayo's affidavit properly supports the summary judgment.

■ Next, appellants contend that the evidence is insufficient to support the summary judgment because the affidavit of Ms. Tamayo, in which she states, "The Public Utilities Board is an agency of the City of Brownsville," is vague, indirect, and fails to affirmatively establish that the City of Brownsville, through its agent, was the employer of Rey Vallejo Galvan. An objection asserting lack of specificity is an objection to the form of a summary judgment affidavit. *See Bondeson v. Pepsico, Inc.*, 573 S.W.2d 842, 844 (Tex.App.—Houston [1st Dist.] 1978, no writ). Such objection is waived by the opposing party failing to file timely exceptions in the trial court complaining of the alleged lack of specificity. *Jones v. McSpedden*, 560 S.W.2d 177, 179 (Tex.Civ.App.—Dallas 1977, no writ). No exceptions were filed by the appellants; they have waived their error.

■ Furthermore, assertions of fact in the live pleadings of a party not pled in the alternative are regarded as formal judicial admissions, and as such, are conclusively established without the necessity of other evidence. *Houston First American Savings v. Musick*, 650 S.W.2d 764, 767 (Tex.1983); *McCaskill v. McCaskill*, 761 S.W.2d 470, 473 (Tex.App.—Corpus Christi 1988, writ denied). While it is a well settled rule in summary judgment proceedings that pleadings may not constitute proof, facts alleged in those pleadings may constitute judicial admissions. *Finklea v. Jacksonville Daily Progress*, 742 S.W.2d 512, 514 (Tex.App.—Tyler 1987, writ dism'd w.o. j.); *see MBank Brenham v. Barrera*, 721 S.W.2d 840, 842 (Tex.1987). Ostensibly, use of the pleadings in this manner contradicts the general rule; upon closer scrutiny, however, it does not. Judicial admissions are not proof—they are a waiver of proof. *See Hercules Exploration, Inc. v. Halliburton Co.*, 658 S.W.2d 716, 719 (Tex. App.—Corpus Christi 1983, writ ref'd n.r. e.); *Sanroc Co. International v. Roadrunner Transportation, Inc.*, 596 S.W.2d 320, 323 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ); Ray, *Texas Practice* Vol. 1A (3d ed.) § 1144 (1980). Appellants' live

pleadings state, "Defendant, Public Utilities Board of the City of Brownsville, Texas, is an agency of the City of Brownsville, Texas." They have admitted agency.

Next, appellants contend that genuine issues of material fact existed precluding summary judgment because the PUB's motion did not plead the absence of an intentional injury. Specifically, appellants assert that because their petition states a cause of action relying upon *res ipsa loquitur*, "there could be unknown facts that could create a genuine issue as to whether or not the deceased [sic] injuries were incurred as a result of intentional injuries." The doctrine of *res ipsa loquitur* is simply a rule of evidence by which *negligence* can be inferred; it is not a separate cause of action from *negligence*. *Jones v. Tarrant Utility Co.*, 638 S.W.2d 862, 865 (Tex.1982). Appellants' petition states:

> Plaintiffs cannot more specifically allege the acts of *negligence* on the part of the Defendants, for the reason that facts in that regard are peculiarly within the knowledge of those Defendants, and, in the alternative in the event the Plantiffs are unable to prove specific acts of *negligence*, Plaintiffs rely on the doctrine of res ipsa loquitur (emphasis ours).

Appellants did not plead an intentional tort. Pleading a negligence cause of action while relying on *res ipsa loquitur*, a rule of evidence, does not allege a cause of action based upon intentional tort.

Finally, appellants complain that the PUB's defense of employer immunity was not verified pursuant to Tex.R. Civ.P. 93(2). Alleged defects in a motion for summary judgment are waived if not pointed out by timely exception. *Jones,* 560 S.W.2d at 179. Appellants failed to except to the PUB's motion for summary judgment before the motion was granted by the trial court. Appellants' complaint was waived. We overrule point of error number one in its entirety.

By their second point of error, appellants contend that "parents" should fall within the class of beneficiaries termed "heirs of his or her body" as that term is found in the Texas Worker's Compensation Act and TEX.CONST. art, XVI § 26. It is well settled that parents are not heirs of the body. *Winnt v. International & G.N.R. Company,* 74 Tex. 32, 11 S.W. 907, 908 (1889); *Castleberry v. Goolsby Building Corp.,* 608 S.W.2d 763, 765–66 (Tex.Civ. App.—Corpus Christi 1980), *aff'd,* 617 S.W.2d 665 (Tex.1981); *Scoggins v. Southwestern Electric Service Company,* 434 S.W.2d 376, 379 (Tex.Civ.App.—Tyler 1968, writ ref'd n.r.e.); *Fleming Oil Co. v. Watts,* 193 S.W.2d 979, 981 (Tex.Civ.App.— Texarkana 1946, writ ref'd n.r.e.). Appellants, as the parents of Rey Vallejo, are not included within the class of beneficiaries termed "heirs of his or her body," and consequently, they are not permitted by art. XVI § 26 of the Texas Constitution to recover damages against the PUB under the Texas Worker's Compensation Act. *McKethan v. McKethan,* 728 S.W.2d 856, 857 (Tex.App.—Houston [1st Dist.] 1987, no writ); *Cortez v. Soloco,* 721 S.W.2d 519, 520–21 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.). We overrule appellants' second point of error.

By their third and fourth points of error, appellants claim that the present interpretation of the phrase "heirs of his or her body" contained in the Texas Worker's Compensation Act and art. XVI § 26 of the Texas Constitution, excluding parents from the class of beneficiaries entitled to recover exemplary damages for an employer's gross negligence resulting in an employee's death, violates appellants due process and equal protection rights guaranteed by both the Texas Constitution and the Federal Constitution. The identical issue has been decided in *Bridges v. Phillips Petroleum Co.,* 733 F.2d 1153 (5th Cir.1984), *cert. denied,* 469 U.S. 1163, 105 S.Ct. 921, 83 L.Ed.2d 933 (1985), and *Glisson v. General Cinema Corp.,* 713 S.W.2d 694 (Tex.App.— Dallas 1986, writ ref'd n.r.e.). After a thorough analysis, both courts held that because neither a suspect class nor a fundamental right were involved, the classification was valid because it was rationally related to a legitimate state purpose. Appellants' third and fourth points of error

are overruled, and the judgment of the trial court is AFFIRMED.