Francisco & Aurora **CHAGOLLA, Individually and as the Representatives of the Estate of Francisco Chagolla, Deceased, Appellants,**

v.

**O.T. DUNLAP CONSTRUCTION and O.T. Dunlap, Individually, Appellees.**

No. 01–91–01464–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 8, 1992.

---

**4.** Furthermore, the instant petition was filed before the effective date of June 14, 1989, of    section 11.08(d).

Lennon C. Wright, Hugh J. Howerton, Houston, for appellants.

Michael Phillips, David B. Edwards, Phillips & Akers, Houston, for appellees.

Before MIRABAL, DUGGAN and DUNN, JJ.

## OPINION

MIRABAL, Justice.

This is an appeal from a summary judgment granted in favor of the defendants in a workers' compensation lawsuit. We affirm.

McCarthy Construction Company (McCarthy) was employed by the state of Texas to work on a road construction project. McCarthy subcontracted a portion of the job to J.F. Barton Contracting Company (Barton), who in turn subcontracted work to O.T. Dunlap Construction (Dunlap). Francisco Chagolla was an employee

of Dunlap and worked on the project. Barton had a policy of workers' compensation insurance.

Mr. Chagolla was killed in a construction accident, and a workers' compensation claim was filed and honored under Barton's workers' compensation insurance. Mr. Chagolla's parents (the Chagollas) then brought a wrongful death suit against Dunlap, suing in both their individual capacities and as representatives of Francisco Chagolla's estate. It was their position that Dunlap was not a subscriber to the Texas Workers' Compensation Act (the Act), and could therefore be liable for damages under TEX.REV.CIV.STAT.ANN. art. 8306, § 4.[1] Dunlap eventually moved for summary judgment, arguing that the Chagollas had no right of action against it for Francisco Chagolla's death. The trial court granted Dunlap's motion for summary judgment.

The section of the Act entitled "Exclusiveness of remedy" states in pertinent part as follows:

> [T]he representatives and beneficiaries of deceased employees shall have no right of action against [a] subscribing employer ... for damages for injuries resulting in death, but such ... representatives and beneficiaries shall look for compensation solely to the association.

TEX.REV.CIV.STAT.ANN. art. 8306, § 3(a).[2]

In their first two points of error, the Chagollas contend that the trial court erred in granting Dunlap's motion for summary judgment because, first, the summary judgment evidence established that Dunlap was not a subscriber to the Act, and, alternatively, because there were genuine issues of material fact regarding Dunlap's subscriber status. In their third and fourth points of error, they argue that TEX.

REV.CIV.STAT.ANN. art. 8307, § 6(a),[3] which provides that a prime contractor and a subcontractor may contract for the prime contractor to provide workers' compensation benefits to the subcontractor's employees, does not apply to this case, and, alternatively, that there are genuine issues of material fact regarding the application of that article. Because these four points of error are related, we will consider them together.

The standard for appellate review of a summary judgment for a defendant is whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). The movant has the burden to show that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). Evidence favorable to the non-movant will be taken as true in deciding whether there is a disputed material fact issue that precludes summary judgment. *Id.* Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex. 1984). A summary judgment for the defendant, disposing of the entire case, is proper only if, as a matter of law, the plaintiff could not succeed upon any theories pleaded. *Havens v. Tomball Community Hosp.*, 793 S.W.2d 690, 691 (Tex.App.— Houston [1st Dist.] 1990, writ denied); *Dodson v. Kung*, 717 S.W.2d 385, 390 (Tex. App.—Houston [14th Dist.] 1986, no writ). Once the defendant produces sufficient evidence to establish the right to a summary judgment, the plaintiff must set forth suffi-

---

**1.** Act of March 28, 1917, 35th Leg., R.S., ch. 103, § 4, 1917 Tex.Gen.Laws, Local and Spec. 269, 271, *repealed by* Acts 1989, 71st Leg., 2nd C.S., ch. 1, § 16.01(7) to (9), eff. Jan. 1, 1991.

**2.** Act of May 5, 1983, 68th Leg., R.S., ch. 131, § 1, 1983 Tex.Gen.Laws 613, *repealed by* Acts

1989, 71st Leg., 2nd C.S., ch. 1, § 16.01(7) to (9), eff. Jan. 1, 1991.

**3.** Act of May 28, 1983, 68th Leg., R.S., ch. 950, § 1, 1983 Tex.Gen.Laws 5210, *repealed by* Acts 1989, 71st Leg., 2nd C.S., ch. 1, § 16.01(10) to (12), eff. Jan. 1, 1991.

cient evidence to give rise to a fact issue to avoid a summary judgment. *"Moore" Burger, Inc. v. Phillips Petroleum Co.,* 492 S.W.2d 934, 936–37 (Tex.1972).

A summary judgment cannot be affirmed on any ground not presented in the motion for summary judgment. *Hall v. Harris County Water Control & Improvement Dist. No. 50,* 683 S.W.2d 863, 867 (Tex. App.—Houston [14th Dist.] 1984, no writ.). When a trial court's order does not specify the grounds relied on for its ruling, the summary judgment will be affirmed if any of the theories advanced are meritorious. *Insurance Co. of North America v. Security Ins. Co.,* 790 S.W.2d 407, 410 (Tex. App.—Houston [1st Dist.] 1990, no writ). In the present case, the trial court did not specify the grounds relied on for its ruling.

■ In moving for summary judgment, Dunlap relied in part on article 8307 § 6(a), which states in relevant part as follows:

> A subcontractor and prime contractor may make a written contract whereby the prime contractor will provide workers' compensation benefits to ... employees of the sub-contractor. [T]he contract may provide that the actual premiums (based on payroll) paid or incurred by the prime contractor for workers' compensation insurance coverage for ... employees of the sub-contractor may be deducted from the contract price or any other monies owed to the sub-contractor by the prime contractor. In any such contract, the sub-contractor and his employees shall be considered employees of the prime contractor only for purposes of the workers' compensation laws of this state ... and for no other purpose.

TEX.REV.CIV.STAT.ANN. art. 8307, § 6(a). The summary judgment evidence demonstrates that, in accordance with the statute, Barton and Dunlap contracted that Barton would provide workers' compensation benefits to Dunlap's employees and deduct the premiums it paid for the workers' compensation insurance from the money it was to pay Dunlap for Dunlap's work. The Chagollas have never disputed this; rather, they contend that Barton was a subcontractor, not a prime contractor, and therefore article 8307, § 6(a) does not apply.

We disagree with the Chagollas. Article 8307, § 6(c) states that the "term 'prime contractor' includes 'principal contractor,' 'original contractor,' or 'general contractor' as those terms are commonly used *and means the person who has undertaken to procure the performance of work or services."* TEX.REV.CIV.STAT.ANN. art. 8307, § 6(c) (emphasis added).[4] Clearly, Barton "undert[ook] to procure the performance of work or services" in this case, because it hired Dunlap to perform duties on the project. This made Barton a "prime contractor" under the statute.

The Chagollas cite no authority for the proposition that the statute does not apply to a company which, like Barton, was both a subcontractor and a company who undertook to procure the performance of work or services. Nor can we find such authority. The statute defines the term "prime contractor" to encompass companies that undertake to procure the performance of work or services, a category that clearly can include companies that are hired as subcontractors and that hire subcontractors for their own work, as well.

■ Here, Barton was both a subcontractor *and* a prime contractor, i.e., a seeker of the performance of work or services. Therefore, article 8307, § 6(a) applies to this case, and Dunlap's employees, including Francisco Chagolla, had workers' compensation insurance.[5] Further, because Dunlap was responsible for paying the pre-

---

**4.** Act of May 28, 1983, 68th Leg., R.S., ch. 950, § 1, 1983 Tex.Gen.Laws 5210, *repealed by* Acts 1989, 71st Leg., 2nd C.S., ch. 1, § 16.01(10) to (12), eff. Jan. 1, 1991.

**5.** Because we hold that Francisco Chagolla had workers' compensation insurance via article 8307, § 6(a), we do not address Dunlap's contention that it had its own policy of workers' compensation insurance effective in Texas. The trial court's summary judgment did not specify

miums for that workers' compensation insurance, Dunlap was a "subscribing employer" under the Act. *Marshall v. Toys–R–Us Nytex, Inc.,* 825 S.W.2d 193, 197 (Tex.App.—Houston [14th Dist.] 1992, writ denied).

The Chagollas argue that a lack of compliance with article 8308 § 18a should compel us to hold that summary judgment was improper. That section provides that in relevant part:

(a) Whenever any employer of labor in this State becomes a subscriber to this law, the insurance company shall immediately notify the Board of such fact, stating in such notice the subscriber's name and place of business, the name of the insurance company and the effective date of the policy.

Tex.Rev.Civ.Stat.Ann. art. 8308, § 18a(a).[6]

The Board was not notified that Dunlap had become a subscriber. However, it is undisputed that the insurance company notified the Board of *Barton's* subscriber status, and such notice inured to the benefit of Dunlap. *Marshall,* 825 S.W.2d at 197.

We overrule points of error one through four.

 In their fifth point of error, the Chagollas argue that the trial court erred in holding that they have no cause of action for gross negligence against Dunlap. As noted, the Chagollas brought suit in both their individual capacities and as representatives of Francisco Chagolla's estate. However, in neither case do a decedent's parents have a cause of action for exemplary damages where the decedent was killed while working for a subscriber to workers' compensation insurance. *See McKethan v. McKethan,* 728 S.W.2d 856 (Tex.App.—Houston [1st Dist.] 1987, no writ) (parents

in individual capacity); *Cortez v. Soloco, Inc.,* 721 S.W.2d 519 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.) (parents as representatives of estate); *Glisson v. General Cinema Corp. of Texas,* 713 S.W.2d 694 (Tex.App.—Dallas 1986, writ ref'd n.r.e.) (court held parents had no cause of action in any capacity). We agree with these holdings.

We overrule point of error five.

We affirm the trial court's judgment.

---

the grounds relied upon for its ruling. Therefore, we affirm the summary judgment if any of the theories advanced are meritorious. *Insurance Co. of North America v. Security Ins. Co.,* 790 S.W.2d 407, 410 (Tex.App.—Houston [1st Dist.] 1990, no writ). The article 8307, § 6

argument was one of the summary judgment theories Dunlap advanced in the trial court.

6. Act of June 19, 1983, 68th Leg., R.S., ch. 483, 1983 Tex.Gen.Laws, 2820, *repealed by* Acts 1989, 71st Leg., 2nd C.S., ch. 1, § 16.01(14), eff. Jan. 1, 1991.