**IPM PRODUCTS CORPORATION, Appellant,**

v.

**MOTOR PARKWAY REALTY CORP., Appellee.**

No. 08–97–00026–CV.

Court of Appeals of Texas, El Paso.

Dec. 4, 1997.

Rehearing Overruled March 5, 1998.

Eric C. Darnell, El Paso, for Appellant.

John P. Mobbs, Beck & Given, El Paso, for Appellant on Appeal only.

James B. McIntyre, Mayfield, Perrenot, Davie & Dennis, Stuart R. Schwartz, El Paso, for Appellee.

Before LARSEN, McCLURE, and CHEW, JJ.

### OPINION ON MOTIONS

McCLURE, Justice.

Motor Parkway Realty Corporation (Motor Parkway), Appellee, seeks dismissal of this

appeal pursuant to former Rules 60(a) and 72 of the Texas Rules of Appellate Procedure on the grounds that IPM Products Corporation (IPM), Appellant, failed to timely perfect the appeal and failed to timely file the transcript or a motion for extension of time. The motion to dismiss is denied.

## PROCEDURAL HISTORY

Motor Parkway, which was represented at trial by the law firms of Scott, Hulse, Marshall, Feuille, Finger, & Thurmond, P.C. (Scott–Hulse) and Mayfield & Perrenot, filed suit against IPM for breach of a commercial lease. On March 13, 1996, Motor Parkway filed a motion for summary judgment, and the trial court conducted a hearing on that motion on April 11, 1996. Five months later on September 17, 1996, the trial court granted partial summary judgment in favor of Motor Parkway. Motor Parkway subsequently filed a motion to sever, to which IPM filed written objections. On October 2, 1996, the trial court conducted a hearing on the motion to sever. During the hearing, IPM informed the trial court that it intended to file a motion to disqualify Motor Parkway's counsel due to a conflict of interest and requested that it be given time in which to do so. The trial court adjourned the hearing without ruling on the motion to sever in order to give IPM an opportunity to file the motion to disqualify. The trial judge granted this request with the proviso that he would rule on the issues before him if IPM had not filed its motion to disqualify by October 14.

The following time line of subsequent events is helpful in understanding the jurisdictional issues presented:

- 10/3/96—IPM filed a "Motion for Reconsideration" in connection with the granting of the partial summary judgment.
- 10/14/96—IPM filed a Motion to Disqualify Motor Parkway's counsel on the ground that Scott–Hulse had previously represented IPM.
- 10/14/96—The trial court signed an order severing the partial summary judgment from all remaining claims without

ruling on the motion to disqualify.[1] At some unspecified point in time, James B. McIntyre of Mayfield & Perrenot picked up the severance order from the trial court's office. Mr. McIntyre did not immediately file the order with the district clerk but instead "thought it appropriate to withhold the filing of the Order until the Court had ruled" on IPM's motion to disqualify counsel.

- 11/4/96—The trial court conducted a hearing on the motion to disqualify counsel. Mr. Schwartz, counsel for Motor Parkway, made a comment at the hearing about a future ruling on the motion for severance. There is no evidence, however, that Mr. Schwartz knew the trial court had already signed the severance order. The trial court did not bring it to the attention of the parties that the severance order had already been signed.
- 12/09/96—The trial court denied IPM's motion to disqualify counsel and its motion for sanctions.
- 12/10/96—Mr. McIntyre filed the severance order with the district clerk. By letter of this same date, Mr. McIntyre informed counsel for IPM of the severance order and provided him with a copy of the order.
- 1/13/97—IPM made a cash deposit of $1,000 with the district clerk in accordance with former Tex.R.App.P. 40(a)(1) and 46(b).
- 1/13/97—In addition to a motion for new trial, IPM filed a sworn "motion to re-open time for appeal" pursuant to Tex.R.Civ.P. 306a(5) alleging that counsel and IPM first obtained notice of the severance order on December 14, 1996.
- 1/30/97—The trial court conducted the Rule 306a(5) hearing.
- 2/6/97—The trial court entered an order finding that IPM received notice of the severance order on December 11, 1996, and concluded that the court did not have jurisdiction to rule on IPM's mo-

---

1. Stuart Schwartz of Scott–Hulse had left a proposed order granting Motor Parkway's motion for severance with the trial court either at the time of the hearing on that motion or within a fews days thereafter.

tion for new trial filed on January 13 since it was not filed within thirty days of December 11.

- 2/12/97—The main volume of the transcript was filed in the Court of Appeals.
- 3/5/97—Motor Parkway filed its motion to dismiss the appeal.

### PERFECTION OF THE APPEAL

■ Since IPM made its cash deposit prior to September 1, 1997, we will apply the former rules of appellate procedure in determining whether the appeal is timely perfected. Motor Parkway argues that IPM's motion for new trial filed on January 13 is untimely, and therefore, the time for perfecting the appeal expired on November 13, 1996. Former TEX.R.APP.P. 41(a)(1). If Motor Parkway is correct, the cash deposit made on January 13 is untimely. IPM, on the other hand, argues that its premature motion for reconsideration, filed after the entry of the partial summary judgment but prior to the severance order, is the equivalent of a motion for new trial which entitles it to the extension of time provided by TEX. R.APP.P. 41(a)(1). We agree with IPM.

■ When the trial court signed the severance order on October 14, the partial summary judgment became final and appealable and the appellate timetable began to run from that date. *Martinez v. Humble Sand & Gravel, Inc.*, 875 S.W.2d 311, 313 (Tex. 1994). IPM was required to file a motion for new trial or motion to modify the judgment "within thirty days after the judgment or other order complained of is signed." TEX. R.CIV.P. 329b(a)(g); *Padilla v. LaFrance*, 907 S.W.2d 454, 458 (Tex.1995). Although IPM did not file a motion for new trial after the court granted the partial summary judgment, it had prematurely filed a motion for reconsideration in which it sought to set aside the partial summary judgment on procedural and substantive grounds. Rule 306c directs that a motion for new trial filed before judgment "shall be deemed to have been filed on the date of but subsequent to the time of signing of the judgment the motion assails...." TEX.R.CIV.P. 306c; *Padilla*, 907 S.W.2d at 458. We conclude that IPM's motion for reconsideration is the equivalent

of a motion for new trial. *See Padilla*, 907 S.W.2d at 458 (where trial court denied appellant's motion for summary judgment but granted that of appellee, appellant's motion for reconsideration, which raised same grounds alleged in motion for summary judgment plus one additional ground was the equivalent of a motion to modify the judgment).

■ Citing *Padilla*, Motor Parkway nevertheless asserts that the premature motion for reconsideration does not extend the appellate timetable because it was superseded, and therefore, negated by the motion for new trial subsequently filed on January 13. In *Padilla*, the proponent of the motion to dismiss alleged that a premature motion for reconsideration was negated by a subsequent "motion for summary judgment" filed eight days later. *Padilla*, 907 S.W.2d at 459. The Supreme Court ultimately concluded that the second motion was not an amended motion for reconsideration, and therefore, could not have the effect of negating the earlier motion. *Id.* Even if we agreed with Motor Parkway that *Padilla* somehow supports its argument, the second motion for new trial is not effective to amend the premature motion for new trial because it was filed more than thirty days after the severance order was signed (October 14 plus thirty days—November 13) and more than thirty days after IPM received notice of the severance order (December 11 plus thirty days—January 10). As such, it is a nullity. *See* TEX.R.CIV.P. 329b(a)(b); *Bell v. Showa Denko K.K.*, 899 S.W.2d 749, 757 (Tex.App.—Amarillo 1995, writ denied); *Willacy County Appraisal Review Board v. South Padre Land Co.*, 767 S.W.2d 201, 202 (Tex.App.—Corpus Christi 1989, no writ).

Motor Parkway further suggests that IPM should not be allowed to rely on the extended appellate timetable which results from the filing of the premature motion for reconsideration, and at the same time, urge that it timely perfected the appeal and filed the record by virtue of a different appellate timetable under Rules 306a(4). Motor Parkway cites no authority which supports this position, and we are unaware of any obstacle to finding an appeal timely perfected under

two alternative theories.[2] If either theory is correct, then our exercise of jurisdiction is appropriate. Further, and perhaps more importantly, IPM's lack of notice of the severance order cannot operate to deprive this Court of jurisdiction if our jurisdiction has been properly invoked within the ordinary appellate timetable. Applying *Padilla*, we find that IPM's premature motion for reconsideration is effective to extend the appellate timetable in the same manner as a motion for new trial. *See Padilla*, 907 S.W.2d at 458 (motion for reconsideration filed after oral pronouncement granting motion for partial summary judgment and order of severance extended appellate timetable; the motion would be treated as having been filed on, but after, entry of final judgment under Rule 306c); TEX.R.CIV.P. 306c and 329b; former TEX.R.APP.P. 58(a). Using October 14 as the beginning date of the appellate timetable, the appeal was due to be perfected on January 12, 1997, a Sunday. Former TEX. R.APP.P. 41(a)(1). Pursuant to former TEX. R.APP.P. 5, the time for perfecting the appeal was extended to Monday, January 13, 1997.[3] Consequently, IPM timely perfected the appeal by making a cash deposit on January 13.

### TIMELINESS OF THE RECORD

While we must measure whether the appeal is timely perfected under the former rules of appellate procedure, we may not dispose of an appeal on the ground that the record was not timely filed, either before or after September 1, 1997, except under the amended rules of appellate procedure. OR-DER OF THE TEXAS SUPREME COURT ¶ 5, August 15, 1997. Before applying the amended rules, however, we will determine whether IPM timely filed the record under the former rules.

In support of its position that it timely filed the record, IPM first alleges that the judgment was not final until December 9 when the trial court signed the order denying IPM's motion to disqualify. If this is correct, the record was timely filed since it was not due until April 8 (December 9 plus 120 days). Motor Parkway responds that the disqualification issue remained pending in the main case but did not follow the severed case. Thus, it reasons that the pendency of this issue could not affect the finality of the severed partial summary judgment. We agree with Motor Parkway.

It is well established that a judgment must dispose of all parties and issues in order to be a final judgment subject to appeal. *Martinez*, 875 S.W.2d at 312. A summary judgment, unlike a judgment signed after a trial on the merits, is presumed to dispose of only those issues expressly presented, not all issues in the case. *City of Beaumont v. Guillory*, 751 S.W.2d 491, 492 (Tex.1988). A summary judgment that fails to dispose expressly of all parties and issues in the pending suit is interlocutory and not appealable unless a severance of that phase of the case is ordered by the trial court. *Id.* To hold that the motion to disqualify followed the severed partial summary judgment is contrary not only to the express language of the order which severs only the partial summary judgment from the main case into a new and separate case but to the court's expressed intention of making the partial summary judgment final and appealable. We therefore reject IPM's argument that the partial summary judgment was not final until December 9 when the court denied the motion to disqualify counsel.

Assuming the appellate timetable began to run on October 14 when the trial court

---

**2.** We note that Motor Parkway has made different arguments and has relied on different appellate timetables to show that we do not have jurisdiction. In prior correspondence with the Court regarding the issue of jurisdiction, Motor Parkway suggested that the appellate timetable began running on December 11, and since IPM did not file a motion for new trial or perfect its appeal within thirty days of that date, the appeal had not been perfected. On appeal, Motor Parkway now suggests that the appellate timetable

began on October 14. We will not restrict either party from presenting alternative theories in support of its position.

**3.** Rule 5 provides, in part, that: "The last day of the period so computed shall be included, unless it is a Saturday, Sunday or legal holiday, in which event the period extends to the end of the next day which is not a Saturday, Sunday or legal holiday."

884

signed the severance order, the record was due to be filed on February 11, 1997 (one-hundred and twenty days from October 14). Former TEX.R.APP.P. 54(a). The transcript was not filed until February 12 and IPM failed to timely file a motion for extension of time. Under prior law, we would have no authority to consider the late-filed transcript and we would be required to dismiss the appeal since this is an appeal from summary judgment and all matters relevant to the appeal would be contained in the transcript. Former TEX.R.APP.P. 54(a); *Trans–Continental Properties, Ltd. v. Taylor,* 717 S.W.2d 890, 891 (Tex.1986)(court of appeals had no authority to consider a late filed motion for extension of time; in the absence of a timely filed motion for extension of time, appellate court had no authority to consider a late filed transcript and statement of facts); *Natividad v. Ford Motor Co., Inc.,* 897 S.W.2d 475, 476 (Tex.App.—El Paso 1995, no writ).

IPM recognizes that the record was un-timely filed using the above analysis, but it maintains that the beginning date of the appellate timetable is extended to December 11 by virtue of Rule 306a(4). Alternatively, IPM asserts that even if the record is un-timely this Court should exercise its discretion to permit its late filing pursuant to TEX.R.APP.P. 35.3(c). Motor Parkway, on the other hand, argues strenuously that the ap-pellate timetable must be calculated from October 14, rather than December 11, be-cause IPM failed to satisfy the jurisdictional requisites of Rule 306a(5), and therefore, did not invoke the jurisdiction of the trial court to conduct the hearing. It reasons that since the trial court did not have jurisdiction to conduct the Rule 306a(5) hearing, but only had jurisdiction to determine that it did not have jurisdiction, the beginning date of the appellate timetable is not extended from Oc-tober 14 to December 11. Under this sce-nario, the transcript would be untimely filed. Motor Parkway further asserts that since IPM is entirely at fault in failing to file the record in a timely manner, we should not allow a late filing under the amended rules. It also requests that we suspend application of Rule 35.3(c) pursuant to our authority under TEX.R.APP.P. 2. With respect to the latter request, the Texas Supreme Court has

specifically ordered that we apply the amend-ed rules before disposing of any case on the ground that the record was not timely filed, before or after September 1, 1997. ORDER OF THE TEXAS SUPREME COURT ¶5, August 15, 1997. While we may exercise our discretion to refuse to allow the late filing, it is not within our discretion to refuse to apply Rule 35.3(c).

■ The issue of whether IPM satisfied the jurisdictional requisites of Rule 306a(4) and (5) is, to say the least, complex. Even if we assume that IPM failed to fully comply with those requirements so that the begin-ning date of the appellate timetable is Octo-ber 14 rather than the date IPM presumably acquired actual knowledge of the severance order, December 11, we find it difficult under the unique circumstances of this case to fault IPM for filing the record one day late. Al-though Motor Parkway alleges that IPM is entirely at fault in this matter, we are unable to overlook the fact that IPM was deprived of the knowledge that the partial summary judgment became a final and appealable judgment on October 14 because Motor Parkway's counsel intentionally withheld the severance order until December 10. Through no fault of its own, IPM was de-prived of nearly half of its appellate timeta-ble (fifty-seven days out of one-hundred and twenty). Although IPM failed to seek an extension of time in which to file the appel-late record, we again cannot place all of the blame on IPM. When the district clerk's docketing certificate was received on January 16, the Clerk of the Court questioned our jurisdiction over the appeal and subsequently wrote a letter of inquiry to both parties. On January 30, 1997, counsel for IPM responded that the appellate timetable began running on December 14, 1996 when IPM acquired actual knowledge of the severance order. Counsel for Motor Parkway disputed IPM's claim regarding the date of notice and in a letter dated February 7, 1997 pointed out that the appellate timetable began running on December 11 since the trial court had determined in a Rule 306a(5) hearing that IPM received notice of the severance order on that date. Motor Parkway attached to its response a certified copy of the trial court's

order. Based upon that order and the responses of the parties, the Court determined that it had jurisdiction over this appeal. The Clerk filed the transcript on February 12 and informed the parties that the statement of facts was due to be filed on April 10, 1997. After due consideration of these facts, we exercise our discretion under Rule 35.3(c) to permit the late filing of the transcript on February 12, 1997. The Court will also permit the late filing of the partial volume of the statement of facts received in this Court on March 10 and the volume of the statement of facts received in this Court on April 7. The Court previously permitted supplemental transcripts to be filed on April 1 and April 7. Accordingly, Motor Parkway's motion to dismiss is denied and IPM's conditional amended motion to extend the time for filing of the record and its motion to supplement or to extend time in which to file the statement of facts are denied as moot. The Court, on its own motion, extends the time for IPM to file its brief until thirty days from the date of issuance of this opinion. In the event Motor Parkway timely files a motion for rehearing or motion for reconsideration of this decision, the due date for the briefs will remain unchanged subject to further order of this Court.