COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-05-078-CV

NAOMI 
HOLLOWAY                                                               APPELLANT
  
V.
  
COLUMBINE 
HOMEOWNER’S ASSOCIATION,                            APPELLEES
PRINCIPAL 
MANAGEMENT GROUP OF NORTH
TEXAS, 
INC. D/B/A PRINCIPAL MANAGEMENT
GROUP, 
AND BECKY ROGERS
 
  
------------
 
FROM 
COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        On 
April 8, 2005 we notified Appellant, in accordance with Texas Rule of Appellate 
Procedure 42.3, that this court may not have jurisdiction over this appeal 
because it appeared the notice of appeal was not timely filed.  We stated 
that the appeal would be dismissed for want of jurisdiction unless Appellant or 
any other party desiring to continue the appeal filed with the court on or 
before April 18, 2005 grounds for continuing the appeal.  See Tex. R. App. P. 42.3(a), 44.3.  We 
received a response from Appellant but nonetheless conclude that we lack 
jurisdiction over this appeal.
        The 
trial court granted a final summary judgment on October 5, 2004.  Appellant 
timely filed a combined motion for new trial and motion for reconsideration. 
Therefore, Appellant’s notice of appeal was due on January 3, 2005.  See 
Tex. R. App. P. 26.1(a)(1).  
Appellant filed a notice of appeal on February 17, 2005.  Appellant’s 
notice was untimely.
        Appellant 
contends that the trial court’s judgment was not final until the trial court 
denied Appellant’s motion for reconsideration on January 18, 2005.  A 
motion for reconsideration is the equivalent of a motion for new trial.  IPM 
Prods. Corp. v. Motor Parkway Realty Corp., 960 S.W.2d 879, 882 (Tex. 
App.—El Paso 1997, no pet.).  The date a trial court overrules a motion 
for new trial does not affect the appellate timetable; rather, the mere filing 
of such a motion extends the deadline to perfect appeal.  See Tex. R. App. P. 26.1(a)(1).  As we 
noted above, Appellant extended the deadline for perfecting appeal until January 
3, 2005 simply by filing her motion for new trial and for reconsideration.  
The date the trial court overruled the motion is irrelevant.
        Therefore, 
it is the opinion of the court that this appeal should be dismissed for want of 
jurisdiction.  See Tex. R. 
App. P. 42.3(a), 43.2(f).  Accordingly, we dismiss the appeal.
  
   
                                                          PER 
CURIAM
 
 
 
PANEL 
D:   GARDNER, WALKER, and MCCOY, JJ.
 
DELIVERED: 
May 12, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.