HOLLOWAY V. COLUMBINE HOMEOWNER'S ASSOC.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-05-078-CV

NAOMI HOLLOWAY APPELLANT

V.

COLUMBINE HOMEOWNER’S ASSOCIATION, APPELLEES

PRINCIPAL MANAGEMENT GROUP OF NORTH 

TEXAS, INC. D/B/A PRINCIPAL MANAGEMENT 

GROUP, AND BECKY ROGERS

------------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On April 8, 2005 we notified Appellant, in accordance with Texas Rule of Appellate Procedure
 
42.3, that this court may not have jurisdiction over this appeal because it appeared the notice of appeal was not timely filed.  We stated that the appeal would be dismissed for want of jurisdiction unless Appellant or any other party desiring to continue the appeal filed with the court on or before April 18, 2005 grounds for continuing the appeal.  
See
 
Tex. R. App. P. 
42.3(a), 44.3.  We received a response from Appellant but nonetheless conclude that we lack jurisdiction over this appeal.

The trial court granted a final summary judgment on October 5, 2004.  Appellant timely filed a combined motion for new trial and motion for reconsideration.  Therefore, Appellant’s notice of appeal was due on January 3, 2005.  
See 
Tex. R. App. P. 
26.1(a)(1).  Appellant filed a notice of appeal on February 17, 2005.  Appellant’s notice was untimely.

Appellant contends that the trial court’s judgment was not final until the trial court denied Appellant’s motion for reconsideration on January 18, 2005.  A motion for reconsideration is the equivalent of a motion for new trial.  
IPM Prods. Corp. v. Motor Parkway Realty Corp.,
 960 S.W.2d 879, 882 (Tex. App.—El Paso 1997, no pet.).  The date a trial court overrules a motion for new trial does not affect the appellate timetable; rather, the mere filing of such a motion extends the deadline to perfect appeal.  
See 
Tex. R. App. P.
 26.1(a)(1).  As we noted above, Appellant extended the deadline for perfecting appeal until January 3, 2005 simply by filing her motion for new trial and for reconsideration.  The date the trial court overruled the motion is irrelevant.

Therefore, it is the opinion of the court that this appeal should be dismissed for want of jurisdiction.  
See
 
Tex. R. App. P
. 42.3(a), 43.2(f). Accordingly, we dismiss the appeal.

PER CURIAM

PANEL D: GARDNER, WALKER, and MCCOY, JJ.

DELIVERED:  May 12, 2005

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.