Affirmed and Memorandum Opinion filed October 11, 2007








Affirmed and Memorandum Opinion filed October 11, 2007.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00428-CV

_______________

 

WAI-LING LEE, Appellant

 

V.

 

 

ROSE MARIE PALACIOS, Appellee

                                                                                                                                               


On Appeal from the 234th District Court

Harris County, Texas

Trial Court Cause No. 04-28965

                                                                                                                                               


 

M E M O R A N D U M  O P I N I O N

Following
an automobile accident, appellant, Wai-Ling Lee, sued appellee, Rose Marie
Palacios, for negligence.  The trial court granted Palacios=s motion for summary judgment and
entered a take-nothing judgment.  Subsequently, the trial court denied Lee=s motion for new trial.  In three
issues, Lee contends the trial court erred by granting summary judgment,
denying his motion for new trial, and refusing to modify its docket control
order.  All dispositive issues are settled in law.  Accordingly, we issue this
memorandum opinion and affirm. See Tex.
R. App. P. 47.4. 








Summary Judgment

In his
first issue, Lee contends the trial court erred by granting Palacios=s motion for summary judgment.  On
December 29, 2005, Palacios moved for summary judgment on both no-evidence and
traditional grounds.[1]  On January
23, 2006, the trial court signed an order granting the motion.  When, as in
this case, the trial court does not specify in the order the grounds relied
upon in granting summary judgment, we must affirm the summary judgment if any
of the grounds presented are meritorious.  Western Invs., Inc. v. Urena,
162 S.W.3d 547, 550 (Tex. 2005);  Pico v. Capriccio Italian Restaurant,
209 S.W.3d 902, 905 (Tex. App.CHouston [14th Dist.] 2006, no pet.).  We conclude the trial
court properly granted summary judgment on the no-evidence ground.

After
adequate time for discovery, a party may move for summary judgment on the
ground that there is no evidence of one or more essential elements of a claim
or defense on which an adverse party would have the burden of proof at trial.  Tex. R. Civ. P. 166a(i); Urena,
162 S.W.3d at 550; Pico, 209 S.W.3d at 905.  The movant must state the
elements as to which there is no evidence.  Tex.
R. Civ. P. 166a(i).  Unless the respondent produces summary judgment
evidence raising a genuine issue of material fact, the trial court must grant
the motion.   Id.; Urena, 162 S.W.3d at 550;  Pico, 209
S.W.3d at 905. 








The
elements of a negligence action are (1) a legal duty owed to the plaintiff, (2)
a breach of that duty by the defendant, and (3) damages proximately caused by
the breach.  Urena, 162 S.W.3d at 550.  In her motion, Palacios asserted
there is no evidence on the third element.  The record contains no response by
Lee to the motion for summary judgment.  To defeat a no‑evidence motion
for summary judgment, the non-movant need not marshal his evidence, but must
point out in his response evidence raising a genuine issue of fact as to the
challenged elements.  See comment to tex.
R. Civ. P. 166a(i); Johnson v. Brewer & Pritchard, P.C., 73
S.W.3d 193, 207 (Tex. 2002); Pico, 209 S.W.3d at 912; San Saba
Energy, L.P. v. Crawford, 171 S.W.3d 323, 330 (Tex. App.CHouston [14th Dist. 2005, no pet.); see
also Michael v. Dyke, 41 S.W.3d 746, 751 (Tex. App.CCorpus Christi 2001, no pet.)
(recognizing that A[f]ailure to respond to a no‑evidence motion is fatal@); Judge David Hittner and Lynne
Liberato, SUMMARY JUDGMENTS IN TEXAS, 47 S.
Tex. L. Rev. 409, 488 (2006) (stating that A[r]esponding to a no‑evidence
summary judgment motion is virtually mandatory@).[2]

Although
Lee=s brief is unclear, he does not
dispute that he failed to respond to the motion.  Instead, when challenging the
no-evidence summary judgment, Lee apparently cites the following items and/or
accompanying Aevidence@ that he filed at various times:  his petition; discovery responses; an
untitled Aletter@ submitted after Palacios filed her first no-evidence motion for summary
judgment; witness list, exhibit list, and proposed jury charge; his own motions
for summary judgment; motion for new trial; ASubmission on Reconsidering Plaintiff=s Motion for New Trial@; AMotion to Exclude Evidence of
Insufficient Personal Knowledge,@ and motion for modification of
discovery control plan. Lee filed some of these items before the trial court
granted summary judgment, but submitted others after the trial court granted
summary judgment.








With respect
to items filed before the trial court granted summary judgment, Lee did not
meet his burden to respond to the no-evidence portion of Palacios=s motion.  Even when the non-movant
files a response, the trial court is not required to search the record for
evidence raising a material fact issue without more specific guidance from the
non-movant   See Blake v. Intco Invs. of Tex., Inc., 123 S.W.3d
521, 525 (Tex. App.CSan Antonio 2003, no pet.); Burns v. Canales, No. 14‑04‑00786‑CV,
2006 WL 461518, at *5B6 (Tex. App.CHouston [14th Dist.] Feb. 28, 2006, pet. denied) (mem. op.). 
Accordingly, absent a summary-judgment response identifying evidence raising a
fact issue, the trial court was not required to review Lee=s other filings to find any such
evidence.  Moreover, a nonmovant does not meet his burden to respond to a no-evidence
motion for summary judgment by the mere existence in the court=s file of a response to an earlier
motion for summary judgment.  See Saenz v. S. Union Gas Co., 999
S.W.2d 490, 494 (Tex. App.CEl Paso 1999, pet. denied).  Consequently, even if any of the
referenced items constituted a response to Palacios=s earlier no-evidence motion for
summary judgment, Lee did not meet his burden to respond to the later motion.

With
respect to items submitted after the trial court granted summary judgment, the
record does not reflect the trial court permitted late filing of a
summary-judgment response.  A trial court may accept summary judgment evidence
filed late, even after summary judgment, as long as the court affirmatively
indicates in the record that it accepted or considered the evidence.  Stephens
v. Dolcefino, 126 S.W.3d 120, 133B34 (Tex. App.CHouston [1st Dist.] 2003, pet.
denied); see Tex. R. Civ. P. 166a(c).  Where nothing appears of record
to indicate the trial court granted leave for late filing of a summary-judgment
response, we presume the trial court did not consider the response.  See
Benchmark Bank v. Crowder, 919 S.W.2d 657, 663 (Tex. 1996); INA of
Tex. v. Bryant, 686 S.W.2d 614B15 (Tex. 1985);  Brown v. Shores,
77 S.W.3d 884, 887 (Tex. App.CHouston [14th Dist.] 2002, no pet.).  Therefore, to the
extent that any of the above-cited, late-filed items could suffice as a
summary-judgment response, they were not before the trial court.  See Brown,
77 S.W.3d at 887.








In sum,
because Lee failed to respond to Palacios=s motion for summary judgment, the
trial court properly granted the motion on the no-evidence ground.  See Gray
v. The Kirkwood S. Comm. and All Tex. Demolishing. Inc., No. 01‑02‑00145‑CV,
2003 WL 21513509, at *2 (Tex. App.CHouston [1st Dist.] Jul. 3, 2003, no
pet.) (mem. op.) (holding trial court did not err by granting no-evidence
motion for summary judgment where  non-movant failed to file a response). We
overrule Lee=s first issue.

Motion for New Trial and 

Request for Modification of Docket Control Order

Lee=s second and third issues are
interrelated.  Again, his contentions are not clear.  In his second issue, Lee
apparently claims the trial court erred by denying his motion for new trial
because he presented an opinion from an accident-reconstruction expert after
the trial court granted summary judgment.  In his third issue, he complains
that the trial court refused to modify its docket control order after granting
summary judgment to allow Lee an opportunity to designate this expert.

Lee
suggests he was entitled to a new trial because his expert=s report constituted Anewly discovered evidence.@  A party seeking a new trial based
on newly discovered evidence must establish (1) the evidence has come to his
knowledge since trial, (2) it was not owing to want of due diligence that the
evidence did not come to his attention sooner, (3) the evidence is not
cumulative, and (4) the evidence is so material that it would probably produce
a different result if a new trial were granted.  Jackson v. Van Winkle,
660 S.W.2d 807, 809 (Tex. 1983), overruled on other grounds by Moritz v.
Preiss, 121 S.W.3d 715 (Tex. 2003).  We review the denial of a motion for
new trial under an abuse-of-discretion standard.  Id.








In his
timely motion for new trial, Lee did not mention the expert or attach his
report, much less argue that he satisfied the criteria for obtaining a new
trial based on newly discovered evidence.  Although Lee suggests the expert was
discussed at a hearing on the motion for new trial, we have no record of the
hearing.  Rather, Lee mentioned the expert opinion in his two pleadings
entitled, ASubmission on Reconsidering Plaintiff=s Motion for New Trial,@ filed after the trial court denied
his motion for new trial.  Nevertheless, in these pleadings, Lee did not argue
that he satisfied the criteria for obtaining a new trial based on newly
discovered evidence.[3]  For
instance, he failed to offer any reason he was unable to obtain an expert
opinion before the trial court granted summary judgment, considering his suit
had been on filed more than one and a half years at the time of the ruling. 
Accordingly, the trial court did not abuse its discretion by refusing to grant
a new trial based on newly discovered evidence.  We overrule Lee=s second issue.

In
addition, Lee complains that the trial court refused to modify its docket
control order to extend the deadline for Lee=s expert designation.  This deadline
expired before Palacios filed her motion for summary judgment.  However, Lee
suggests that, after granting summary judgment, the trial court should have
modified its docket control order to allow Lee an opportunity to designate his
expert.  Obviously, such modification would have been meaningless unless the
trial court also granted a new trial and vacated the summary judgment.  As
discussed, Lee failed to establish a right to a new trial based on this alleged
newly discovered evidence.  Therefore, the trial court did err by refusing to
modify the docket control order.[4]  We overrule
Lee=s third issue.

 

 








Accordingly,
the judgment of the trial court is affirmed.

 

 

/s/        Charles
W. Seymore

Justice

 

Judgment rendered and
Memorandum Opinion filed October 11, 2007.

Panel consists of
Justices Yates, Seymore, and Edelman.*









[1]  Palacios had previously filed a no-evidence motion
for summary judgment on February 11, 2005.  A few months later, the trial court
denied the motion.  Subsequently, Palacios filed the motion at issue.





[2]  Although Lee has appeared pro se in the trial court
and on appeal, he is held to the same standards as a licensed attorney and must
comply with the applicable laws and rules of procedure.  See  Mansfield
State Bank v. Cohn, 573 S.W.2d 181, 184B85
(Tex. 1978); Brown v. Tex. Employment Comm=n, 801
S.W.2d 5, 8 (Tex. App.CHouston [14th Dist.] 1990, writ denied).   





[3] If these pleadings are tantamount to additional
motions for new trial, they were not even timely because they were filed more
than thirty days after the trial court signed the summary judgment.  See
Tex. R. Civ. P.  329b(a)
(providing motion for new trial shall be filed prior to or within thirty days
after judgment or other order complained of is signed); IPM Products Corp.
v. Motor Parkway Realty, 960 S.W.2d 879, 882 (Tex. App.CEl Paso 1997, no pet.) (recognizing motion for
reconsideration is equivalent of a motion for new trial).  In fact, the trial
court=s plenary power had expired when Lee filed the second
pleading because it was submitted more than thirty days after the trial court
denied Lee=s only timely motion for new trial.  See Tex. R. Civ. P. 329b(e) (providing
trial court has plenary power until thirty days after all timely filed motions
for new trial are overruled).  However, Lee seemed to characterize these
pleadings as requests for rehearing from denial of the motion for new trial, as
opposed to additional motions for new trial.  Nonetheless, in these pleadings,
he did not satisfy the criteria for obtaining a new trial based on newly
discovered evidence.





[4]  Lee did not even file his AMotion for Modification of Discovery Control Plan@ until after the trial court=s plenary power had expired.  Regardless, to the
extent Lee asserts the trial court should have modified the docket control
order in conjunction with ruling on his timely motion for new trial, he has
shown no error.





* 
Senior Justice Richard H. Edelman sitting by assignment.