

# NUMBER 13-08-00097-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

AMERICO ENERGY RESOURCES,
L.L.C. AND AMERICO OIL AND
GAS PROPERTIES 2000 LTD.,                                    **Appellants,**

**v.**

DAVID MOORE AND JAN K. WHEELIS,                              **Appellees.**

---

## On appeal from the 24th District Court of Victoria County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Garza

This case involves a dispute between a landowner and an oil company over the right to use the landowner's property for the construction and usage of a "shortcut" pipeline transporting oil and gas to a compressor station. Appellants, Americo Energy Resources, L.L.C. and Americo Oil and Gas Properties 2000 Ltd. ("Americo"), appeal the trial court's granting of a motion for partial summary judgment filed by appellees, David Moore and Jan

K. Wheelis. Americo also takes issue with the trial court's: (1) order directing it to remove the pipeline from the property; and (2) overruling of its motion for reconsideration. We affirm.

## I. BACKGROUND

The land in question is located on the McFaddin Ranch in Victoria County, Texas. Americo is the owner of an oil and gas lease on portions of the ranch with Wheelis owning a non-participating royalty interest.[1] Moore is the "[r]anch foreman and consultant for Jan Wheelis on oil and gas matters on her . . . ranch."[2] Americo uses, owns, and operates a pipeline commonly called FPL 301, which passes over Wheelis's land. In 1930, Royston Nave and N.C. McGowen, previous landowners of the land now known as the Rio Vista Bluff Ranch,[3] granted an easement for the construction and usage of the FPL 301 pipeline across the land.[4] Americo purchased the easement from other oil and gas producers in November 2003 and has continuously used the pipeline to transport oil and gas across Wheelis's property. In 1992, Wheelis granted Pennzoil, one of Americo's predecessors in title, a new easement from the northern terminus of the FPL 301 pipeline to a compressor station adjacent to the Wheelis property. A pipeline was constructed that ran parallel to railroad tracks marking the northern boundary of the Wheelis property until

---

[1] In an affidavit attached to Moore and Wheelis's motion for partial summary judgment, Wheelis noted that she owns the surface rights to the "Rio Vista Bluff Ranch in the McFaddin area of Victoria County." Wheelis stated that she is familiar with her property and the easements and oil and gas leases associated with her property.

[2] In an affidavit similar to Wheelis's, Moore states that he has worked as the ranch foreman for seven years and that he is familiar with and has personally worked with the oil and gas interests on Wheelis's land.

[3] It is undisputed that the Rio Vista Bluff Ranch is one of many sections of land partitioned from the original McFaddin Ranch.

[4] The FPL 301 pipeline is diagonally situated on the Wheelis property, running from the southeastern corner of the Wheelis property in a northwesterly direction.

reaching the road marking the eastern boundary of the Wheelis property. The pipeline then angled to the south, running parallel to the road, in order to reach the compressor station.

Later, Americo apparently discovered that the FPL 301 pipeline was leaking and began constructing a new "shortcut" pipeline to the compressor station. This new pipeline, constructed in November 2006, extended in a northeasterly direction from FPL 301 directly to the compressor station. This pipeline allowed Americo to transport oil and gas to the compressor station while avoiding the circuitous route previously used.

After discovering that Americo was constructing the "shortcut" pipeline without obtaining consent, Moore and Wheelis denied Americo access to the property. In response, Americo, on January 26, 2006, initiated the underlying suit against Moore and Wheelis for "refusing to honor right of way easements and oil and gas lease contractual rights . . . and in barring them from access to the premises . . . ." In this petition, Americo sought a temporary restraining order ("TRO") to prevent Moore and Wheelis from denying Americo access to the land and damages. After a hearing, the trial court granted Americo's TRO; however, the trial court later granted Moore and Wheelis's motion to set aside the TRO. This dispute pertained to a disagreement over the usage of and the alleged damage caused by the operation of the FPL 301 pipeline.

On February 13, 2007, Moore and Wheelis filed their third amended counterpetition against Americo, asserting that Americo: (1) had been underpaying Wheelis royalties to which she was entitled; (2) had damaged and contaminated the Wheelis property by the negligent operation of the FPL 301 pipeline; and (3) had failed to reasonably develop the oil and gas lease and was in breach of contract. Moore and Wheelis also: (1) sought a

3

declaration that the lease with Americo had terminated for failure to reasonably develop the property; (2) brought an action to quiet title; (3) sought an injunction for the removal of the "shortcut" pipeline; and (4) requested damages for trespass associated with the construction of the "shortcut" pipeline.

On September 18, 2007, Moore and Wheelis filed a motion for partial summary judgment on traditional grounds, contending that they were entitled to judgment as a matter of law on the trespass and injunction actions contained in their third amended counterpetition. Specifically, Moore and Wheelis alleged that Americo trespassed on Wheelis's property by constructing the new "shortcut" pipeline without obtaining her consent. In support of their motion, Moore and Wheelis both executed affidavits establishing that they observed Americo placing a six-inch pipeline in the ground on Wheelis's property and that no oil and gas leases or easements covered this part of the property.

On October 16, 2007, Americo filed a response to Moore and Wheelis's motion for partial summary judgment, asserting that the "shortcut" pipeline was constructed pursuant to the same Nave-McGowan easement covering the FPL 301 pipeline; therefore, Wheelis had consented to the construction of the pipeline and no trespass occurred. Accompanying Americo's response was a letter from O.F. Jones, III, counsel for Americo, stating that "[a]ppropriate affidavits in support of this response will be filed shortly."

On October 25, 2007, Americo filed a supplemental response to the motion for partial summary judgment. In this response, Americo re-asserted its contention that the "shortcut" pipeline was constructed pursuant to an easement, and it asserted that it had legal right to enter Wheelis's property because of its interest in various oil and gas leases

4

executed many years ago that were still producing in paying quantities. Americo did not file any supporting affidavits or any other summary judgment evidence with its original or supplemental response.[5]

After a hearing, the trial court, on October 26, 2007, granted Moore and Wheelis's motion for partial summary judgment. In its order, the trial court noted the following:

> The Court finds there is no genuine issue of material fact as to Defendant's counterclaim for Trespass and Defendants are entitled to summary judgment thereon.
>
> The Court finds that Defendant/Counter Plaintiffs have proven the counterclaim and disproved the element of Plaintiffs/Counter Defendants claim for Consent.
>
> The Court finds that Plaintiffs/Counter Defendants have not pled any affirmative defense that would preclude summary judgment in this cause.
>
> The Court finds Defendants are entitled to summary judgment as a matter of law because Jan Wheelis is the Owner of the property in question. Non-movants has [sic] constructed and caused to be constructed a six inch pipeline on Jan Wheelis's property without her consent and without any right or easement or any other grant of authority. The trespass and construction and burying of the pipeline has caused damage and injury to the property owned by Jan Wheelis.
>
> . . . .
>
> **IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that AMERICO ENERGY RESOURCES L.L.C. and AMERICO OIL AND GAS PROPERTIES 2000[]LTD. be, and hereby are, commanded and Ordered to desist and refrain from using the 6 inch pipeline installed on Jan Wheelis's property in November 2006 . . . .
>
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that AMERICO ENERGY RESOURCES L.L.C. and AMERICO OIL AND GAS PROPERTIES 2000[]LTD be, and hereby are, commanded and ORDERED

---

[5] In fact, on appeal, Americo admits the following: "[a]ppellants did not submit any affidavits or other summary judgment evidence in the belief that none was necessary because the moving papers [motion for summary judgment] did not conclusively establish the elements of the counter-claim nor conclusively disprove an element of appellants' claim."

to remove the 6 inch pipeline installed on Jan Wheelis's property . . . .

On November 2, 2007, Moore and Wheelis filed a motion to sever their counterclaims, which the trial court granted on December 4, 2007. On November 26, 2007, Americo filed a motion for reconsideration of the trial court's order granting the motion for partial summary judgment. *See IPM Prods. Corp. v. Motor Parkway Realty Corp.*, 960 S.W.2d 879 ,882 (Tex. App.–El Paso 1997, no pet.) (concluding that a motion for reconsideration is the equivalent of a motion for new trial) (citing *Padilla v. LaFrance*, 907 S.W.2d 454, 458 (Tex. 1995)); *see also* TEX. R. CIV. P. 329b(a) (providing that a motion for new trial is timely if it is filed prior to or within thirty days after the judgment is signed). In this filing, Jones attached (1) an affidavit describing the title search he conducted on the Wheelis property, (2) various leases, (3) a copy of the Nave-McGowen right of way easement grant, (4) a list of wells drilled on the entire McFaddin Ranch property, and (5) a right of way grant by Wheelis for the original pipeline connecting the FPL 301 pipeline to the compressor station. The trial court denied Americo's motion for reconsideration on December 11, 2007. Americo timely filed its notice of appeal on December 20, 2007. *See* TEX. R. APP. P. 26.1(a) (providing that a notice of appeal may be filed prior to or within ninety days from the date the judgment is signed if a timely motion for new trial was filed).[6]

## II. STANDARD OF REVIEW

## A. Traditional Motion for Summary Judgment

The function of summary judgment is to eliminate patently unmeritorious claims and

---

[6] Americo filed an amended notice of appeal on April 7, 2008, the substance of which is virtually identical to its original notice of appeal. The amended notice of appeal was filed to reflect the proper trial court cause number.

defenses, not to deprive litigants of the right to a trial by jury. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004) (citing *Casso v. Brand*, 776 S.W.2d 551, 556 (Tex. 1989)); *Alaniz v. Hoyt*, 105 S.W.3d 330, 344 (Tex. App.–Corpus Christi 2003, no pet.). We review the trial court's summary judgment de novo. *Provident Life and Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).

A movant for traditional summary judgment has the burden to establish that there are no material issues of fact. TEX. R. CIV. P. 166a(c); *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222 (Tex. 1999); *Mercier v. Sw. Bell Yellow Pages, Inc.*, 214 S.W.3d 770, 773 (Tex. App.–Corpus Christi 2007, no pet.). Evidence favorable to the nonmovant will be taken as true, every reasonable inference will be indulged in the nonmovant's favor, and doubts must be resolved in the nonmovant's favor. *Knott*, 128 S.W.3d at 215.

Only if the movant meets its burden does the burden shift to the nonmovant to establish that a genuine issue of material fact remains. TEX. R. CIV. P. 166a(c); *see Mercier*, 214 S.W.3d at 773 (citing *M.D. Anderson Hosp. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979)). Moreover, when a movant files a traditional motion for summary judgment in an action in which the nonmovant has pleaded an affirmative defense, the movant is entitled to summary judgment if he demonstrates that there is no material factual issue regarding the elements of his claim, unless the nonmovant shows there is a disputed fact issue regarding the affirmative defense. *Bauer v. Jasso*, 946 S.W.2d 552, 555 (Tex. App.–Corpus Christi 1997, no pet.).

**B. Motions for Reconsideration**

Because we construe Americo's motion for reconsideration as a motion for new trial,

we will apply the standard of review corresponding to the review of a motion for new trial. *See IPM Prods. Corp.*, 960 S.W.2d at 882. Trial courts have broad discretion in ruling on motions for new trial. *Limestone Constr. v. Summit Commercial Indus. Props.*, 143 S.W.3d 538, 542 (Tex. App.–Austin 2004, no pet.). We review a trial court's denial of a motion for new trial for an abuse of discretion. *Id.* The test for abuse of discretion is whether the trial court acted arbitrarily or without reference to guiding legal principles. *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985).

## III. ANALYSIS

In its sole issue, Americo argues that the trial court erred: (1) in granting Moore and Wheelis's motion for partial summary judgment; (2) in ordering that the "shortcut" pipeline be removed; and (3) in denying its motion for reconsideration. Specifically, Americo asserts that Moore and Wheelis failed to establish their trespass action; the underlying oil and gas leases and easements indicate that Wheelis consented to the construction of the pipeline; and the trial court erred in ordering the "shortcut" pipeline removed, thereby effectuating a permanent injunction when monetary damages were the appropriate award. Moore and Wheelis contend that they were entitled to summary judgment as a matter of law because they had established their trespass claim and their affidavits were not controverted by Americo. Moreover, Moore and Wheelis argue that because they established their trespass claim, the burden shifted to Americo to present summary judgment evidence controverting their evidence, which Americo did not do.

### A. Applicable Law

A trespass to real property occurs "when a person enters another's land without

8

consent." *Russell v. Am. Real Estate Corp.*, 89 S.W.3d 204, 208 (Tex. App.–Corpus Christi 2002, no pet.). "[A] trespasser is liable to the property owner even though there is no proof of any actual damages in any specific amount." *Meyers v. Ford Motor Credit Co.*, 619 S.W.2d 572, 573 (Tex. Civ. App.–Houston [14th Dist.] 1981, no writ) (citing *Henry v. Williams*, 132 S.W.2d 633, 634-35 (Tex. Civ. App.–Beaumont 1939, no writ)). A trespass may be committed on, beneath, or above the surface of the earth. *City of Arlington v. City of Fort Worth*, 873 S.W.2d 765, 769 (Tex. App.–Fort Worth 1994, writ dism'd w.o.j.). However, "no trespass occurs when the entry is authorized as a matter of law." *Williams v. City of Dallas*, 53 S.W.3d 780, 788 (Tex. App.–Dallas 2001, no pet.) (holding no trespass when officers entered land pursuant to valid search warrant).

## B. Discussion

### 1. The Trial Court's Granting of the Partial Summary Judgment

Generally, an affidavit that is clear, positive, direct, credible, free from contradiction, and could have been readily controverted can serve as competent summary judgment proof. *See* Tex. R. Civ. P. 166a(c); *Haynes v. City of Beaumont*, 35 S.W.3d 166, 178 (Tex. App.–Texarkana 2000, no pet.). A supporting affidavit must: (1) be based on the affiant's personal knowledge; (2) be admissible in evidence; and (3) show affirmatively that the affiant is competent to testify to the matters stated therein. Tex. R. Civ. P. 166a(f). Moreover, the uncontroverted affidavit of an interested party will support a summary judgment in the absence of a controverting affidavit. *Galvan v. Pub. Utils. Bd.*, 778 S.W.2d 580, 583 (Tex. Civ. App.–Corpus Christi 1989, no writ).

Attached to Moore and Wheelis's motion for partial summary judgment were affidavits executed by both Moore and Wheelis, along with an aerial photograph of the

9

property and pipelines in question. In her affidavit, Wheelis noted that she had personal knowledge of the property in question, as she was the owner of the property. Further, she was familiar with the pipeline easements and oil and gas leases burdening her property. Wheelis also stated that she had "not consented to the construction of any pipeline" and that she had:

> not granted any easement to AMERICO ENERGY RESOURCES L.L.C. and AMERICO OIL AND GAS PROPERTIES 2000 LTD or anyone else to construct[,] bury[,] or lay any pipeline in the location I observed where a pipeline was being constructed in November 2006. This six inch pipeline constructed . . . is not on any property that is leased for oil and gas exploration to anyone.

In addition, Wheelis described the exact location of the "shortcut" pipeline.

In his affidavit, Moore echoed many of the assertions made by Wheelis. He noted that he was the ranch foreman; that he had worked with Wheelis's oil and gas leases and easements for over seven years; and that he was familiar with the property. Moore stated that he observed Americo constructing the six-inch "shortcut" pipeline on Wheelis's property even though no lease or easement granted Americo authority to do so.

We conclude that Moore and Wheelis's affidavits meet the requirements for affidavits as summary judgment evidence. *See* TEX. R. CIV. P. 166a(f); *Haynes*, 35 S.W.3d at 178. However, on appeal, Americo contends that Moore and Wheelis's affidavits did not "aver that they were based on personal knowledge" and that the affidavits are rife with legal conclusions that cannot support a summary judgment.

For preservation purposes, an appellate court treats a party's objections to defects in the "form" and "substance" of a document differently. *See Choctaw Props., L.L.C. v. Aledo Indep. Sch. Dist.*, 127 S.W.3d 235, 241 (Tex. App.–Waco 2003, no pet.). Defects

in the form of the affidavit must be objected to and the opposing party must have the opportunity to amend the affidavit. *Brown v. Brown*, 145 S.W.3d 745, 751 (Tex. App.–Dallas 2004, pet. denied). Form defects in an affidavit include: (1) lack of personal knowledge; (2) hearsay; (3) statement of an interested witness that is not clear, positive, direct, or free from contradiction; and (4) competence. *See Stewart v. Sanmina Tex. L.P.*, 156 S.W.3d 198, 206 (Tex. App.–Dallas 2005, no pet.); *Choctaw*, 127 S.W.3d at 241; *Rizkallah v. Conner*, 952 S.W.2d 580, 585-86 (Tex. App.–Houston [1st Dist.] 1997, no pet.).

Defects in the substance of an affidavit are not waived by the failure to obtain a ruling from the trial court on the objection and may be raised by an appellee for the first time on appeal. *See Stewart*, 156 S.W.3d at 207. Substantive defects are those that leave the evidence legally insufficient and include affidavits which are nothing more than legal or factual conclusions. *Id.*

First, both Moore and Wheelis specifically state in their affidavits that they had personal knowledge of the facts alleged in their motion for partial summary judgment and the statements made in the affidavit and that they believed the facts to be true and correct. *See Fed. Fin. Co. v. Delgado*, 1 S.W.3d 181, 184 (Tex. App.–Corpus Christi 1999, no pet.) ("[W]here the affidavit does not specifically recite that the facts set forth there are true, but does set out that it is based on personal knowledge and is subscribed to and sworn before a notary public, it is not defective if, when considered in its entirety, its obvious effect is that the affiant is representing that the facts stated therein are true and correct."). In addition, rule 166a(f) provides that alleged defects in the form of affidavits will not be grounds for reversal unless an objection is made with the trial court and the movant is given the

11

opportunity to amend. *See* TEX. R. CIV. P. 166a(f); *see also Brown*, 145 S.W.3d at 751. The record does not reflect that Americo objected to the form of the affidavits with the trial court; therefore, Americo has waived this contention. *See Brown*, 145 S.W.3d at 751.

Americo's contention that Moore and Wheelis's affidavits are invalid because their affidavits are rife with legal conclusions also fails. In their affidavits, Moore and Wheelis aver that, based on their personal knowledge, the area where the "shortcut" pipeline was constructed was not subject to any oil and gas leases or easements. Americo argues that such a statement constitutes a legal conclusion that the property was once subject to an oil and gas lease or easement and that such lease or easement has now terminated.[7] We do not, however, construe Moore and Wheelis's affidavits in such a manner. Nowhere in the affidavits do Moore or Wheelis state that a lease or easement terminated. Moreover, they asserted that the area of land in question, based on their personal knowledge, was not subject to any leases or easements. In other words, neither Moore nor Wheelis signed or consented to a lease or easement covering the area of land in question. This statement can hardly be construed as a legal conclusion, especially considering that these statements could have been easily controverted had Americo presented summary judgment evidence, and that both Moore and Wheelis averred that they had personal knowledge of the leases and easements burdening the land. *Cf. Mercer v. Daoran Corp.*, 676 S.W.2d 580, 583-84 (Tex. 1984) (concluding that a legal conclusion in an affidavit is

---

[7] In fact, Americo argues on appeal that several leases apply to Wheelis's property, which it claims is evidenced by the fact that Wheelis regularly receives royalties from Americo. However, Americo did not present these leases as summary judgment evidence controverting the affidavits of Moore and Wheelis, and Americo has failed to demonstrate precisely how these leases burden the exact section of Wheelis's property where the "shortcut" pipeline was constructed. *See* TEX. R. APP. P. 38.1(h); *see also Roadrunner Invs., Inc v. Tex. Utils. Fuel Co.*, 536 S.W.2d 597, 600 (Tex. Civ. App.–Fort Worth 1979, writ ref'd n.r.e.) (reversing a summary judgment granted in favor of a pipeline company because it failed to establish as a matter of law that the constructed pipeline was located entirely within the easement which it was entitled to use).

12

insufficient to raise an issue of fact in response to a motion for summary judgment or to establish the existence of a fact in support of a motion for summary judgment). In addition, Americo has not adequately described how Moore and Wheelis's statements constituted legal conclusions and that their affidavits were, therefore, substantively defective. *See* TEX. R. APP. P. 38.1(h).

Based on the summary judgment evidence presented to the trial court, we conclude that Moore and Wheelis established the essential elements for trespass to land. *See Russell*, 89 S.W.3d at 208; *City of Arlington*, 873 S.W.2d at 769; *Williams*, 53 S.W.3d at 788. Moreover, because Americo did not file any summary judgment evidence controverting the affidavits submitted by Moore and Wheelis, and because Moore and Wheelis's affidavits controverted Americo's affirmative defense of consent, we further conclude that the trial court did not err in granting Moore and Wheelis's motion for partial summary judgment. TEX. R. CIV. P. 166a(c); *see Mercier*, 214 S.W.3d at 773; *Bauer*, 946 S.W.2d at 555; *Galvan*, 778 S.W.2d at 583.

**2. The Trial Court's Order Requiring Americo to Remove the "Shortcut" Pipeline**

In its second sub-issue, Americo takes issue with the trial court's order requiring it to remove the "shortcut" pipeline. The trial court, in granting Moore and Wheelis's request for injunctive relief, ordered Americo to discontinue usage of the "shortcut" pipeline and to remove it entirely. Americo argues that the trial court essentially crafted a permanent injunction requiring it to remove the pipeline even though the damages are temporary in nature. Americo contends that because the trespass was temporary, Moore and Wheelis were only entitled to monetary damages.

13

Americo, however, has mischaracterized the nature of the trespass. Because we have concluded that the "shortcut" pipeline constituted a trespass on Wheelis's property, an additional trespass occurs each time oil or gas is transported using the "shortcut" pipeline. *See City of Arlington*, 873 S.W.3d at 769 ("A trespass can be either by entry of a person upon another's land, or by causing or permitting a thing to cross the bounday of the premises. . . . A trespass may be committed on, beneath, or above the surface of the earth."). "Where a trespass invades the possession of one's land, or destroys the use and enjoyment of that land, an injunction is a proper remedy." *Id.* (citing *Cargill v. Buie*, 343 S.W.2d 746, 749 (Tex. App.–Texarkana 1960, writ ref'd n.r.e.)). An injunction is the proper remedy to restrain repeated or continuing trespasses where the remedy at law is inadequate because of the nature of the injury, or the multiplicity of actions necessary to obtain redress. *Id.* Therefore, Americo's usage of the "shortcut" pipeline constitutes a continuing trespass. *See id.* Americo has not demonstrated that Wheelis has another remedy at law to compensate her for its seizure of her land.[8] Accordingly, we conclude that the trial court did not err in ordering the removal of the "shortcut" pipeline.

**2. Americo's Motion for Reconsideration**

In its final sub-issue, Americo contends that the trial court abused its discretion in denying its motion for reconsideration. However, on appeal, Americo has not provided

---

[8] For example, Americo has not proven that it is a public utility vested with the right to exercise eminent domain. *See Valero Eastex Pipeline Co. v. Jarvis*, 926 S.W.2d 789, 792 (Tex. App.–Tyler 1996, writ denied) ("Eminent domain is the right or power of a Sovereign state to appropriate private property for the promotion of the general welfare . . . . The Legislature has expressly conferred upon public utilities . . . the right and power of eminent domain."); *Tex. Elec. Serv. Co. v. Linebery*, 333 S.W.2d 596, 598 (Tex. Civ. App.–El Paso 1960, no writ); *see also City of Lubbock v. Phillips Petroleum Co.*, 41 S.W.3d 149, 155-60 (Tex. App.–Amarillo 2000, no pet.) (concluding that a pipeline company was not a public utility). In such a case, Americo would have been able to seize Wheelis's property for the construction and usage of the "shortcut" pipeline for public use in exchange for just compensation. *See* TEX. CONST. art. I, § 17; *see also Hudson v. Ark. La. Gas Co.*, 626 S.W.2d 561, 563-64 (Tex. App.–Texarkana 1981, writ ref'd n.r.e.).

appropriate citations to the record or authority relating to this issue. *See* Tᴇx. R. Aᴘᴘ. P. 38.1(h). As a result, we cannot say that the trial court abused its discretion in denying Americo's motion for reconsideration. *See Limestone Constr.,* 143 S.W.3d at 542. Accordingly, we overrule Americo's sole issue on appeal.

## IV. Cᴏɴᴄʟᴜsɪᴏɴ

Having overruled Americo's sole issue on appeal, we affirm the judgments of the trial court.

DORI CONTRERAS GARZA,<br>
Justice

Memorandum Opinion delivered and
filed this the 29th day of August, 2008.

15